**Reversed and Rendered and Memorandum Opinion filed August 13, 2015.**



In The

# Fourteenth Court of Appeals

## NO. 14-14-00617-CV

**SANDS L. STIEFER, CHIEF APPRAISER OF THE HARRIS COUNTY APPRAISAL DISTRICT, Appellants**

**V.**

**EDWARD MOERS AND DANIEL MOERS, Appellees**

**On Appeal from the 151st District Court
Harris County, Texas
Trial Court Cause No. 2013-58215**

## M E M O R A N D U M   O P I N I O N

Appellees, Edward and Daniel Moers (the "Moerses"), sued Harris County Appraisal District, Chief Appraiser of Harris County Appraisal District, Sands L. Stiefer, and the Harris County Appraisal Review Board to protest the denial of the Moerses' applications for open-space land appraisal. Appellant, Sands L. Stiefer ("Stiefer"), filed a plea to the jurisdiction and motion to dismiss, which the trial court granted in part, and denied in part. In one issue, Stiefer appeals that portion

of the order denying his plea to the jurisdiction and motion to dismiss. We reverse and render.

## I. BACKGROUND

The Moerses own and reside on two non-contiguous tracts of land in Cypress, Texas. They claim to have begun an agricultural enterprise consisting of raising organic, grass-fed sheep. The Moerses claim that their land should have been appraised at special, lower values available only to agricultural land ("open space" appraisal or valuation) under Article VIII, section 1-d-1 of the Texas Constitution and Texas Tax Code Section 23.51. *See* Tex. Const. art. VIII, § 1-d-1; Tex. Tax Code Ann. § 23.51 (West, Westlaw through 2015 R.S.). Harris County Appraisal District denied the Moerses' application to have their land appraised at the lower values available to "open-space" land. The Moerses protested the denial to the Harris County Appraisal Review Board. The Harris County Appraisal Review Board denied their protest.

The Moerses sued the Harris County Appraisal District, the Harris County Appraisal Review Board and Stiefer, appealing the denial of their protest to the valuation of their properties for tax years 2013 and 2014. They also sought to compel Stiefer to comply with the procedures set forth in Texas Tax Code Section 42.21 regarding an order issued in a prior lawsuit. *See* Tex. Tax Code Ann. § 42.21 (West, Westlaw through 2015 R.S.).

Stiefer filed a plea to the jurisdiction and motion to dismiss asserting immunity and arguing that the Moerses did not allege a valid waiver of immunity, the Tax Code does not waive immunity or authorize a suit against him, and the Declaratory Judgment Act may not be used to avoid the exclusive remedies of the Tax Code. *See* Tex. Civ. Prac. & Rem. Code Ann. § 37.001 *et seq.* (West,

Westlaw through 2015 R.S.); Tex. Tax Code Ann. § 42.09(a) (West, Westlaw through 2015 R.S.).

The trial court granted Stiefer's plea to the jurisdiction and motion to dismiss on the Moerses' claims relating to judicial review of the valuation set by the Harris County Appraisal Review Board. The trial court denied the plea to the jurisdiction and motion to dismiss as to the Moerses' claims of constitutional violations, denial of due process, request for declaratory relief, and injunctive relief based on ultra vires.

## II. ANALYSIS

In his sole issue, Stiefer contends the trial court erred in denying his plea to the jurisdiction and motion to dismiss.

### A. Standard of Review

A plea to the jurisdiction challenges the trial court's subject matter jurisdiction. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). "A trial court must grant a plea to the jurisdiction . . . when the pleadings do not state a cause of action upon which the trial court has jurisdiction." *Harris Cnty. v. Sykes*, 136 S.W.3d 635, 639 (Tex. 2004). Whether a court has jurisdiction is a question of law which we review *de novo*. *State v. Holland*, 221 S.W.3d 639, 642 (Tex. 2007).

In reviewing an order on a plea to the jurisdiction, we consider the pleadings and factual assertions, as well as evidence in the record that is relevant to the issue of jurisdiction. *Klumb v. Municipal Employees Pension System*, 458 S.W.3d 1, 8 (Tex. 2015) (citing *City of Elsa v. Gonzalez*, 325 S.W.3d 547, 554 (Tex. 2010)). The plaintiff bears the burden of pleading specific allegations of fact which affirmatively demonstrate the trial court's jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993); *see also Tex. Dept. of Parks*

3

*and Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). If the evidence creates a fact question on jurisdiction, the trial court must deny the plea and the trier of fact must resolve the issue. *Id*. at 227–28. If the evidence is undisputed or if the plaintiff fails to raise a fact question as to jurisdiction, the trial court rules on the plea as a matter of law. *Id*. at 228. In reviewing the plea, we do not consider the merits of the case. *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002).

**B.     Governing Law**

As noted above, the Moerses' complaints relate to open-space land appraisal. To qualify for this type of appraisal, the property owner is required to demonstrate that the land is currently devoted principally to agricultural use to the "degree of intensity" generally accepted in the area and that it has been devoted principally to agricultural use or to production of timber or forests for five of the preceding seven years. *See* Tex. Tax Code Ann. § 23.51(1). Section 23.57(a), (c) grants authority to the chief appraiser to determine open-space land appraisal. *See Id.* § 23.57 (a), (c) (West, Westlaw through 2015 R.S.). The Legislature delegated to the Comptroller of Public Accounts the authority to establish eligibility standards, which are contained in appraisal manuals. *See id.* § 23.55(d) (West, Westlaw through 2015 R.S.). For particular use with agricultural land, the Comptroller created the Manual for the Appraisal of Agricultural Land (the "Manual"), which has the force and effect of law. *See* 34 Tex. Admin. Code § 9.4001 (1990); *Pizzitola v. Galveston Cnty. Cent. Appraisal Dist.*, 808 S.W.2d 244, 248 (Tex. App.—Houston [1st Dist.] 1991, no pet.) (citing *General Elec. Credit Corp. v. Smail*, 584 S.W.2d 690, 694 (Tex. 1979)).[1]

---

[1]     The Manual can be found in its entirety at http://comptroller.texas.gov/taxinfo/proptax/agland/part1.pdf.

4

The Moerses protested to the appraisal review board the denial of open-space appraisal. The review board denied their protests. In their suit appealing the determination of the review board, Moerses sued the appraisal review board and Stiefer, in his official capacity. The Moerses argued that their claims avoided the exclusive remedies of the Tax Code; thus, immunity did not attach and their claims against Stiefer should not be dismissed. The Moerses pled bases for waiver of immunity existed under the Declaratory Judgment Act, Stiefer committed ultra vires acts and his actions constituted violations of the Moerses' constitutional rights. Stiefer filed a plea to the jurisdiction asserting immunity, claiming that the Moers did not plead a waiver of immunity.

## B. Declaratory Judgment

The Moerses alleged several grounds for relief pursuant to the Uniform Declaratory Judgment Act. *See* Tex. Civ. Prac. & Rem. Code Ann. § 37.001 *et seq*. They requested that the trial court declare that Stiefer[2] imposed "degree of intensity guidelines or rules for open-space land eligibility relating to tax years 2013 and 2014, in violation of constitutional and statutory requirements for agricultural appraisal which are neither valid nor enforceable." They contended that Stiefer added other requirements for property owners of open-space land to achieve an agricultural appraisal which are inconsistent with the requirements of the Texas Constitution, the Tax Code and the Manual. The Moerses further alleged that Stiefer "improperly set arbitrary minimum conditions that must be met by a property owner to meet the degree of intensity test required for 1-d-1 agricultural appraisal." In sum, although phrased as declaratory relief, the relief

---

[2] The Moerses made these allegations against both Harris County Appraisal District and Stiefer.

the Moerses seek is a change to their assessments—not a declaration that the controlling provisions are unconstitutional.

A change to an assessment of taxes on the Moerses' land is one subject to the provisions of the Tax Code. *See Tex. Dept. of Transp. v. Sefzik*, 355 S.W.3d 618, 622 (Tex. 2011) (holding where actions under a statute are challenged, but the constitutionality of the statute is not, declaratory judgment action does not waive immunity); *see also Cameron Appraisal Dist. v. Rourk*, 194 S.W.3d 501, 502 (Tex. 2006) (per curiam) (requiring adherence to Tax Code's administrative framework when taxpayer seeks to set aside tax assessments but not when asserting purely constitutional challenges); *Harris Cnty. Appraisal Dist. v. ETC Marketing, Ltd.*, 399 S.W.3d 364, 368 (Tex. App.—Houston [14th Dist.] 2006, pet. denied) (holding that taxpayer who urges a constitutional challenge and also seeks to set aside tax assessments is not relieved from exhausting administrative remedies).

In sum, we conclude that the Moerses' declaratory judgment action does not state a waiver of governmental immunity. Further, to the extent that the Moerses seek retrospective relief, those claims are controlled by the exclusive remedies of the Tax Code, which does not authorize suit against Stiefer. "Any other petition for review under this chapter must be brought against the appraisal district. . . ." *See* Tex. Tax Code Ann. § 42.21(b); *Rourk*, 194 S.W.3d at 502.

## C. Ultra Vires

Because a state official's illegal or unauthorized acts are not acts of the State, governmental immunity is waived with respect to those acts. *See Fed. Sign v. Tex. S. Univ.*, 951 S.W.2d 401, 404 (Tex. 1997). "A suit asserting that a government officer acted without legal authority or seeking to compel him to comply with statutory or constitutional provisions is an ultra vires suit and is not subject to pleas of governmental immunity." *Lone Star College System v.*

*Immigration Reform Coalition of Tex. (IRCOT)*, 418 S.W.3d 263, 272 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd) (citing *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009)).  The ultra vires suit seeks to enforce existing policy, not to alter it.  *Id*.  The ultra vires exception to governmental immunity depends upon a plaintiff's allegation, and ultimately proof, that the officer acted without legal authority or that he failed to perform a purely ministerial act.  *Id*.  A complaint about how the officer exercised his discretion is not an ultra vires complaint.  *Id*.  Additionally, the exception to immunity allows only prospective declaratory or injunctive relief, not retroactive relief.  *Id*. (citing *Heinrich*, 284 S.W.3d at 374–77).

In support of their ultra vires claim, the Moerses alleged *inter alia* that Stiefer violated of the requirements of Tax Code Section 23.52(d) and failed to determine the "degree of intensity" as required by the Manual for Appraisal of Agricultural Land (the "Manual").  Further, they requested he be required to comply with the statutory framework and determine the degree of intensity as outlined by the Manual.  *See* Tex. Tax Code Ann. § 23.52(d) (West, Westlaw through 2015 R.S.) (setting forth procedure for appraisal of qualified agricultural land).  They also requested that Stiefer be precluded from promulgating additional requirements that are contrary to or inconsistent with the provisions of the Tax Code relating to agricultural appraisal for tax years 2013 and 2014.

In his plea to the jurisdiction and motion to dismiss, Stiefer asserted the allegations in the Moerses' petition did not plead an ultra vires claim because they were complaints that Stiefer's actions violated the Tax Code, or were examples of Stiefer's alleged failures to follow the statutory framework.

We conclude that the substance of the Moerses' allegations is a series of complaints concerning Stiefer's actions—not complaints that he acted illegally or

without reference to controlling legal authority. The Moerses' complaint regarding Stiefer's failure to set the degree of intensity is analogous to a claim that he "got it wrong." *See MHCB (USA) Leasing & Fin. Corp. v. Galveston Cent. Appraisal Dist. Review Bd.*, 249 S.W.3d 68, 80–81 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) (holding "an incorrect agency determination rendered pursuant to the agency's authority is not a determination made outside that authority.") Stated differently, the Moerses complained that Stiefer reached an incorrect result. Such an allegation is insufficient to state an ultra vires claim. *See Moers v. Harris Cnty. Appraisal Dist.*, No. 01-13-00549-CV, 2015 WL 3981735, at *7 (Tex. App.— Houston [1st Dist.] June 30, 2015, no pet. h.)[3] (citing *Creedmoor-Maha Water Supply Corp. v. Tex. Comm'n on Env't Quality*, 307 S.W.3d 505, 517–18 (Tex. App.—Austin 2010, no pet.)).

The Moerses also contend that Stiefer utilized guidelines which exceeded those contemplated by statute; specifically, that Stiefer added standards (which they refer to as eligibility requirements) for "minimum land area" and "minimum number of animals." However, Tax Code Section 23.51 provides that the property owner must demonstrate land is devoted primarily to agricultural use "to the degree of intensity generally accepted in the area." *See* Tex. Tax Code Ann. § 23.51. Thus, Stiefer's identification and use of criteria for the area do not conflict with the statutory scheme set forth in Section 23.57(a), (c). *See* Tex. Tax Code Ann. § 23.57 (a), (c); *Moers*, 2015 WL 3981735, at *5 (stating that the standards do not violate or conflict with the legislative scheme).

We hold the Moerses' complaints do not allege ultra vires activity that would waive governmental immunity.

---

[3] In the *Moers* case analyzed by the First Court of Appeals, the Moerses challenged the denial of their open-space land applications for 2010-2012. *See Moers*, 2015 WL 3981735, at *1.

**D.     Due Process and Constitutional Violations**

In the section of their petition entitled "Denial of Due Process," the Moerses contended that the appraisal review board failed to render decisions pursuant to their protests for tax year 2013 and refused to grant hearings for tax years 2012-2014.  They asserted that immunity was waived under Texas Tax Code Section 41.45(f) which provides:

> A property owner who has been denied a hearing to which the property owner is entitled under this chapter may bring suit against the appraisal review board by filing a petition or application in district court to compel the board to provide the hearing.  If the property owner is entitled to the hearing, the court shall order the hearing to be held and may award court costs and reasonable attorney fees to the property owner.

Tex. Tax Code Ann. 41.45(f) (West, Westlaw through 2015 R.S.).

The relief the Moerses sought relates directly to actions the appraisal review board failed or refused to take.  Section 41.45(f) provides that the Moerses could file suit to compel the appraisal review board to provide a hearing; however, Section 41.45(f) does not provide for a waiver of sovereign immunity.  *See id.* Rather, Section 41.45(f) provides that the Moerses are entitled to file a petition against the appraisal review board to compel the board to provide a hearing and it specifically provides that the suit is against the appraisal review board, not the chief appraiser.  *See id*.  The Moerses did not allege any violation of due process rights against Stiefer.[4]

---

[4] The Moerses argue that Stiefer did not challenge the due process allegation in the trial court and it is not preserved for appellate review.  We disagree.  The allegations in the "due process" section are substantially similar to the allegations in the remainder of the petition which were addressed in the plea to the jurisdiction.  *See Rusk State Hosp. v. Black*, 392 S.W.3d 88, 94–96 (Tex. 2012) (holding that even where immunity is first raised on appeal, the appellate court has jurisdiction to address the merits to be consistent with the purpose of Section 51. 014(a) and to increase judicial efficiency).  *See also* Tex. Civ. Prac. & Rem. Code Ann.

Relying on Article VIII, section 1-d-1 of the Texas Constitution and Section 23.51 of the Tax Code, the Moerses also alleged that Stiefer's actions amounted to constitutional violations of their right to have their land appraised at the lower open-space agricultural land value. *See* Tex. Const. art. VIII, § 1-d-1; Tex. Tax Code Ann. § 23.51. While framed as constitutional violations, these are claims that the Moerses' land should have been appraised in a certain manner in order to obtain a lower amount of taxation. Thus, they are subject to the exclusive remedies of the Tax Code. *See* Tex. Tax Code Ann. § 41.41(a)(5), (9) (West, Westlaw through 2015 R.S.); *see also Rourk*, 194 S.W.3d at 502; *Bauer-Pileco, Inc. v. Harris Cnty. Appraisal Dist.*, 443 S.W.3d 304, 315 (Tex. App.—Houston [1st Dist.] 2014, pet. denied) (stating that constitutional violations are subject to the exclusive remedies of the Tax Code) (citing *Aramco Associated Co. v. Harris Cnty. Appraisal Dist.*, 33 S.W.3d 361, 364 (Tex. App.—Texarkana 2000, pet. denied)).

We conclude that the Tax Code requires that the Moerses exhaust all administrative remedies even with regard to their allegations of constitutional violations made here; thus the trial court lacks subject matter jurisdiction to consider them. Additionally, we hold that to the extent the Moerses asserted due process claims against Stiefer, the trial court erred in denying his plea to the jurisdiction and motion to dismiss.

Having addressed the merits, we sustain Stiefer's sole issue, reverse the trial court's order denying his plea to the jurisdiction and motion to dismiss, and render

---

51.014(a) (West, Westlaw through 2015 R.S.); *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 845 (Tex. 2007) (approving consideration of jurisdictional plea filed by the governmental entity and deciding the question of immunity for the state official sued in his official capacity who did not file a plea).

judgment dismissing for lack of subject-matter jurisdiction all the claims asserted by Edward and Daniel Moers against Stiefer.


                                        /s/     John Donovan
                                                   Justice


Panel consists of Justices Christopher, Donovan, and Wise.