**Reversed and Rendered and Opinion filed May 6, 2021.**



In The

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

## NO. 14-19-00382-CV

## HARRIS COUNTY APPRAISAL DISTRICT, Appellant

## V.

## ANJALI BRAUN, Appellee

**On Appeal from the 334th District Court
Harris County, Texas
Trial Court Cause No. 2019-07942**

## O P I N I O N

May a taxpayer bring suit in Texas state court under United States Code chapter 42, section 1983 seeking damages for allegedly unconstitutional taxes assessed by a state entity? This is one of the questions, along with other issues involving governmental immunity, presented by this interlocutory appeal from the denial of a plea to the jurisdiction. While numerous courts in other jurisdictions have concluded that precedent from the United States Supreme Court bars section-1983 damages actions in state-tax cases, this analysis appears to be a matter of first

impression in Texas. We conclude, in accordance with the great weight of authority, that section-1983 claims for damages challenging state taxes are barred in Texas courts by principles of comity, provided state law provides the taxpayers an adequate legal remedy.

After her requested homestead exemption was denied in part, and without exhausting administrative remedies available to her, appellee Anjali Braun filed this lawsuit against appellant Harris County Appraisal District (HCAD) asserting claims under section 1983,[1] Tax Code chapter 42,[2] and the Uniform Declaratory Judgments Act (UDJA).[3] HCAD filed a plea to the jurisdiction, which the trial court denied. Concluding the trial court lacked jurisdiction over Braun's claims, we reverse the trial court's order and render judgment dismissing Braun's claims against HCAD for want of subject-matter jurisdiction.

## I. BACKGROUND

According to her pleadings, Braun owns a property in Harris County with her mother and husband. The property is the primary residence for Braun and her husband, but not for Braun's mother. In July 2018, Braun applied to HCAD for a two-thirds homestead exemption on property taxes for the property. *See* Tex. Tax Code Ann. § 11.13 (homestead exemption). Tax Code section 11.41 discusses exemptions for partial ownership of exempt property, in relevant part, as follows:

> (a) If a person who qualifies for an exemption as provided by this chapter is not the sole owner of the property to which the exemption applies, the exemption shall be multiplied by a fraction, the numerator of which is the value of the property interest the person owns and the denominator of which is the value of the property.

---

[1] 42 U.S.C. § 1983.

[2] *See* Tex. Tax Code Ann. § 42.01 (right of appeal by property owner).

[3] Tex. Civ. Prac. & Rem. Code Ann. §§ 37.001–.011.

(b) In the application of this section, community ownership by a person who qualifies for the exemption and the person's spouse is treated as if the person owns the community interest of the person's spouse.

Tex. Tax Code Ann. § 11.41(a), (b).

HCAD denied the requested two-thirds homestead exemption and instead granted a one-half exemption. HCAD's representative explained, "Unfortunately, your deed doesn't list percentages specifically, so a married couple is recognized as one unit with half interest (community) and the other owner has the other half (separate)."

Braun did not appeal this determination to the appraisal review board. Instead, Braun brought this lawsuit claiming that HCAD's denial of her requested two-thirds homestead exemption unlawfully discriminated against married people and infringed upon the fundamental right to marry.[4] In her original petition, Braun asserted a claim for damages under section 1983 and for declaratory relief under the UDJA, in addition to seeking permanent injunctive relief. HCAD filed its plea to the jurisdiction, attaching an uncontested affidavit stating that Braun did not file a protest for tax year 2019. Braun responded and also filed her first amended petition adding a claim under Tax Code chapter 42. At no time did Braun plead or otherwise assert that she had pursued administrative remedies under the Tax Code.

The trial court held a hearing on HCAD's plea to the jurisdiction at which all of Braun's claims were discussed. The trial court denied the plea to the jurisdiction in full. HCAD filed this interlocutory appeal.[5]

---

[4] Braun brought her lawsuit individually and on behalf of a putative class of similarly-situated individuals. However, at the time HCAD filed its plea to the jurisdiction, the trial had not certified any class, and no other parties had been added to the lawsuit.

[5] The Civil Practice and Remedies Code allows for an interlocutory appeal from an order that "grants or denies a plea to the jurisdiction by a governmental unit as that term is defined in

## II. ANALYSIS

Subject-matter jurisdiction is a question of law that we review de novo. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). When a plea to the jurisdiction challenges the claimant's pleadings, we determine whether the claimant has pleaded facts that affirmatively demonstrate the trial court's jurisdiction, construing the pleadings liberally and in favor of the claimant. *Id*. If the pleadings affirmatively negate jurisdiction, the plea should be granted. *Id*. at 227. When the plea challenges the existence of jurisdictional facts, we consider evidence submitted by the parties just as the trial court did. *Id*. We take as true all evidence favorable to the claimant, and we indulge all reasonable inferences in her favor. *Id*. at 228. If the evidence is undisputed or if it does not raise a fact question on jurisdiction, then the plea can be resolved as a matter of law. *Id*. at 227–28. If the evidence raises a fact question on jurisdiction, then the fact finder must resolve jurisdiction at trial. *Id*. at 228.

### A. Section 1983

In her petition, Braun's first claim is for damages under section 1983, which provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action

---

Section 101.001." Tex. Civ. Prac. & Rem. Code Ann. § 51.014(8); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 101.001(3)(B) (defining "governmental unit" to include "a political subdivision of this state"); Tex. Tax Code Ann. § 6.01(c) (appraisal district is political subdivision of state). HCAD also sought to dismiss Braun's claims under Texas Rule of Civil Procedure 91a. Tex. R. Civ. P. 91a. The trial court's denial of that motion is not a subject of this appeal.

at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983. Braun claims that HCAD, by denying her requested exemption under the Tax Code, "subjected [her] to unlawful discrimination . . . based solely on Plaintiff's marriage status—a fundamental right protected by the United States Constitution." Based on this alleged violation of section 1983, Braun seeks damages on the grounds she "will be forced to pay excess taxes."[6]

HCAD does not contend that it enjoys blanket immunity from suit under section 1983. *See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977) (distinguishing between "an arm of the State partaking of the State's Eleventh Amendment immunity" from section-1983 suits and "a municipal corporation or other political subdivision to which the Eleventh Amendment does not extend"); *see also* Tex. Tax Code Ann. § 6.01(c) (appraisal district is political subdivision). However, while governmental immunity does not bar a suit against a political subdivision to vindicate constitutional rights, "immunity from suit is not waived if the constitutional claims are facially invalid." *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 458 S.W.3d 1, 13 (Tex. 2015) (citation omitted); *Hous. Firefighters' Relief & Ret. Fund v. City of Hous.*, 579 S.W.3d 792, 800 (Tex. App.—Houston [14th Dist.] 2019, pet. denied) (explaining that "governmental immunity is waived only to the extent the [plaintiff] has pleaded a viable or valid constitutional claim"); *see also City of New Braunfels v. Carowest Land, Ltd.*, 432 S.W.3d 501, 517–18 (Tex. App.—Austin 2014, no pet.) (reversing denial of plea to jurisdiction on invalid section-1983 claim).

Accordingly, we begin with whether Braun's section-1983 claim for damages is cognizable in a tax-dispute case such as this, or whether it is barred by

---

[6] Braun also seeks attorney's fees for her section-1983 claim. *See* 42 U.S.C. § 1988(b) (prevailing party in section-1983 action may recover reasonable attorney's fees).

principles of comity. This issue appears to be one of first impression in Texas courts,[7] though many other state courts, including several state courts of last resort, have addressed it.

### 1. Comity and state taxes

Both Congress and the federal courts are reluctant to interfere with taxation by a state entity on grounds of comity. In general, the notion of "comity" refers to the federal government's "proper respect for state functions." *Younger v. Harris*, 401 U.S. 37, 44 (1971). The Supreme Court of the United States has long held that comity carries "peculiar force" in suits challenging the collection of state taxes:

> The reason for this guiding principle is of peculiar force in cases where the suit, like the present one, is brought to enjoin the collection of a state tax in courts of a different, though paramount, sovereignty. The scrupulous regard for the rightful independence of state governments which should at all times actuate the federal courts, and a proper reluctance to interfere by injunction with their fiscal operations, require that such relief should be denied in every case where the asserted federal right may be preserved without it. Whenever the question has been presented, this Court has uniformly held that the mere illegality or unconstitutionality of a state or municipal tax is not in itself a ground for equitable relief in the courts of the United States. If the remedy at law is plain, adequate, and complete, the aggrieved party is left to that remedy in the state courts, from which the cause may be brought to this Court for review if any federal question be involved, or to his suit at law in the federal courts if the essential elements of federal jurisdiction are present.

*Matthews v. Rodgers*, 284 U.S. 521, 525–26 (1932).

Against this background principle of comity, the Supreme Court has addressed the interplay between section 1983 and state taxation in two key cases.

---

[7] The Austin Court of Appeals has held that a taxpayer's section-1983 claim for *declaratory and injunctive relief* was not cognizable in Texas courts. *Sharp v. Direct Res. for Print, Inc.*, 910 S.W.2d 535, 541 (Tex. App.—Austin 1995, writ denied).

In *Fair Assessment in Real Estate Association, Inc. v. McNary*, the Supreme Court held that section 1983 does not authorize federal courts to award section-1983 damages in state-tax cases when state law provides an adequate remedy. 454 U.S. 100, 116 (1981). The Court explained that section-1983 damages actions would impermissibly disrupt state-taxation systems by "hal[ing] state officers into federal court every time a taxpayer alleged the requisite elements of a § 1983 claim. We consider such interference to be contrary to '[t]he scrupulous regard for the rightful independence of state governments which should at all times actuate the federal courts.'" *Id.* at 115–16 (quoting *Matthews*, 284 U.S. at 525).

In *National Private Truck Council, Inc., v. Oklahoma Tax Commission*, the Supreme Court expanded its *Fair Assessment* analysis, explaining that *state* courts cannot be compelled to grant injunctive and declaratory relief under section 1983 when there is an adequate remedy under state law. 515 U.S. 582, 592 (1995) ("When a litigant seeks declaratory or injunctive relief against a state tax pursuant to § 1983, however, state courts, like their federal counterparts, must refrain from granting federal relief under § 1983 when there is an adequate legal remedy."). The Supreme Court explained:

> In determining whether Congress has authorized state courts to issue injunctive and declaratory relief in state tax cases, we must interpret § 1983 in light of the strong background principle against federal interference with state taxation. Given this principle, we hold that § 1983 does not call for either federal or state courts to award injunctive and declaratory relief in state tax cases when an adequate legal remedy exists. Petitioners do not dispute that Oklahoma has offered an adequate remedy in the form of refunds. Under these circumstances, the Oklahoma courts' denial of relief under § 1983 was consistent with the long line of precedent underscoring the federal reluctance to interfere with state taxation.

*Id.* at 589.

## 2. State-tax damages actions under section 1983

From the Supreme Court, we have two pieces of the puzzle before us today. In *Fair Assessment*, the Court held that a taxpayer may not bring a section-1983 suit in *federal* court seeking *damages* regarding state taxes, provided there is an adequate remedy under state law. 454 U.S. at 116. In *National Private Truck*, the Court held that a taxpayer may not bring a section-1983 suit in *state* court seeking *injunctive and declaratory relief* concerning state taxes, again provided there is an adequate remedy under state law. 515 U.S. at 592.

Many courts, including several state high courts, have inferred the third piece of the puzzle: that a taxpayer may not bring a section-1983 claim in *state* court seeking *damages* in a dispute over taxes assessed by a state entity, provided the state provides an adequate legal remedy. As the Supreme Court of Pennsylvania explained, a section-1983 damages action in state court would disrupt the state tax system in violation of comity principles: "[A]lthough Section 1983 injunctive and declaratory relief were at issue in *National Private Truck Council*, its reasoning applies equally to a Section 1983 request for money damages, particularly in view of the Court's earlier pronouncement, in [*Fair Assessment*], that the disruption to state tax systems caused by a damages action is no less severe than that caused by an action for an injunction." *Kowenhoven v. Cnty. of Allegheny*, 901 A.2d 1003, 1014 (Pa. 2006) (citation omitted); *see Wash. Trucking Assocs. v. State Emp't Sec. Dep't*, 393 P.3d 761, 769 (Wash. 2017) ("Taken together, *Fair Assessment* and *National Private Truck* lead to the conclusion that comity restrains state courts from awarding any type of relief in section 1983 actions challenging the validity of state taxes, provided there is an adequate state law remedy."); *Francis v. City of Columbus*, 676 N.W.2d 346, 352 (Neb. 2004) ("Although *Fair Assessment* was limited only to § 1983 claims [for

damages] in federal court, its concerns apply with equal force to § 1983 claims brought in state court. If such suits were allowed, litigants in state courts could use a federal remedy to grind to a halt state and local taxation schemes."); *Gen. Motors Corp. v. City of Linden*, 671 A.2d 560, 564 (N.J. 1996) ("When read in light of *National Private Truck*, we believe that *Fair Assessment* is best understood as limiting not the jurisdiction of federal courts, but the availability of section 1983 actions in any court, federal or state. As we read it, *National Private Truck* states that a violation of the United States Constitution arising out of an assessment of a state tax generally will not give rise to a section 1983 action when the state has provided an adequate legal remedy."); *see also, e.g.*, *Patel v. City of San Bernardino*, 310 F.3d 1138, 1141 (9th Cir. 2002) ("Read together, *Fair Assessment* and *National Private Truck* bar use of § 1983 to litigate state tax disputes in either state or federal court.").

We agree with this unanimous authority from state high courts and conclude comity prohibits a taxpayer from bringing a section-1983 action in a Texas court seeking damages for purportedly unconstitutional taxes assessed by a state entity, provided the state has provided an adequate remedy under its laws.[8]

---

[8] Braun does not cite any authority reading *Fair Assessment* and *National Private Truck* differently. Braun points out that one of our sister courts has affirmed the denial of a plea to the jurisdiction on a taxpayer's section-1983 claim. *See Dall. Cent. Appraisal Dist. v. Hamilton*, No. 05-99-01401-CV, 2000 WL 1048537, at *8 (Tex. App.—Dallas July 31, 2000, pet. dism'd w.o.j.) (not designated for publication). In *Hamilton*, however, it appears that the appellants only made a general argument that the plaintiffs' claims were barred by failure to exhaust administrative remedies. *See id.* Accordingly, the Dallas Court of Appeals simply held that "[s]ubstantial authority holds that this [section-1983] claim is not subject to the exhaustion requirements." *See id.* That is a different issue from the comity argument raised here by HCAD. The Dallas Court of Appeals did not address *Fair Assessment* or *National Private Truck*, and noted that the appealing parties "have not specifically addressed the section 1983 claim in either their main brief or reply brief." *See id.* at *8 n.5.

Braun also argues that, "while §1983 cannot be used to compel a state, against its wishes, to issue declaratory or injunctive relief against its own taxing scheme, there is no rule that

### 3. Adequacy of state-law remedies

We turn next to the adequacy of state-law remedies to address Braun's claims. A remedy is sufficient if it is "plain, adequate, and complete," which the Supreme Court has suggested is the same standard used for evaluating whether a remedy is "plain, speedy, and efficient" under the Tax Injunction Act.[9] *See Fair Assessment*, 454 U.S. at 116 n.8 ("We discern no significant difference, for purposes of the principles recognized in this case, between remedies which are 'plain, adequate, and complete,' as that phrase has been used in articulating the doctrine of equitable restraint, and those which are 'plain, speedy and efficient,' within the meaning of [the Tax Injunction Act]."). Accordingly, courts often consider cases analyzing the Tax Injunction Act when evaluating the adequacy of remedies under state law. *See, e.g.*, *Wash. Trucking Assocs.*, 393 P.3d at 770. The focus of the inquiry centers on whether the remedy "meets certain minimal *procedural* criteria." *Rosewell v. LaSalle Nat. Bank*, 450 U.S. 503, 512 (1981).

---

precludes a state from deciding to allow such litigants to assert such claims." While Braun cites *National Private Truck* for this assertion, the Supreme Court reached a different conclusion in that case:

> Of course, nothing we say prevents a State from empowering its own courts to issue injunctions and declaratory judgments even when a legal remedy exists. Absent a valid federal prohibition, state courts are free to issue injunctions and declaratory judgments under state law. When a litigant seeks declaratory or injunctive relief against a state tax pursuant to § 1983, however, state courts, like their federal counterparts, **must refrain** from granting federal relief under § 1983 when there is an adequate legal remedy.

515 U.S. at 592 (emphasis added).

[9] The Tax Injunction Act prohibits federal courts from enjoining the collection of any state tax "where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341; *see* Act approved Aug. 21, 1937, Pub. L. No. 332, § 1, 50 Stat. 738, 738 ("Tax Injunction Act"). As explained by the Supreme Court, "Since the passage of § 1983, Congress and this Court repeatedly have shown an aversion to federal interference with state tax administration. The passage of the Tax Injunction Act in 1937 is one manifestation of this aversion." *Nat'l Private Truck*, 515 U.S. at 586.

Applying the Tax Injunction Act, the Fifth Circuit has repeatedly held that remedies under Texas law are procedurally adequate to address taxpayer suits, including those asserting constitutional claims. *See Samtani v. Webb Cnty. Appraisal Dist.*, 285 F. App'x 183, 183–84 (5th Cir. 2008) (explaining that Texas remedies "provide a procedural vehicle for taxpayers' federal constitutional claims, including a full hearing and judicial determination, with ultimate review available in the United States Supreme Court" (quotation omitted)); *see also McQueen v. Bullock*, 907 F.2d 1544, 1547 n.9 (5th Cir. 1990) (collecting cases and concluding that "[t]he facial validity of the Texas remedies is thus well established"). Braun does not argue that the federal constitutional claims she brings could not be addressed under state-law procedures or that the "excess taxes" she seeks as damages under section 1983 could not be pursued under Texas law. *See Nat'l Private Truck*, 515 U.S. at 589 (presuming state-law remedy was adequate when "Petitioners do not dispute that Oklahoma has offered an adequate remedy in the form of refunds"); *Sharp v. Direct Res. for Print, Inc.*, 910 S.W.2d 535, 541 (Tex. App.—Austin 1995, writ denied) (presuming state-law remedy was adequate when taxpayer did not argue that refund it received was inadequate); *see also* Tex. Tax Code Ann. §§ 41.41(a)(4) (property owner may appeal denial of exemption, in whole or in part, to appraisal review board), 42.01(a)(1) (judicial review of decision of appraisal review board). On this record, we conclude that Texas law provides adequate remedies for the claims Braun seeks to bring under section 1983, thus barring the use of section 1983 to assert them.

Because taxpayer suits for damages under section 1983 are barred in Texas courts if the state provides an adequate legal remedy, and as the state has provided an adequate legal remedy to address the claims Braun seeks to bring under section 1983, we conclude the trial court lacked subject-matter jurisdiction over Braun's

11

section-1983 claims.[10] We sustain issue 1.[11]

## B. Chapter 42

In issue 2, HCAD argues the trial court erred by denying its plea to the jurisdiction as to Braun's claim under Tax Code chapter 42.[12] Chapter 42 provides for an appeal, via trial de novo in the district court, of an "order of the appraisal review board." Tex. Tax. Code §§ 42.01(a)(1) (right of appeal), 42.23(a) (trial de novo). Although the district court's review is de novo, its jurisdiction is still appellate in nature, and its jurisdiction to address the merits of an issue is dependent upon the issue having been raised with the appraisal review board. *See Harris Cnty. Appraisal Dist. v. ETC Mktg., Ltd.*, 399 S.W.3d 364, 371 (Tex. App.—Houston [14th Dist.] 2013, pet. denied). Here, Braun did not file an appeal to the appraisal review board, and accordingly did not preserve any issues the trial court could consider on trial de novo, thereby depriving the district court of jurisdiction to consider this claim. *See id.* at 371–72; *see also Dall. Cnty. Appraisal Dist. v. Lal*, 701 S.W.2d 44, 46 (Tex. App.—Dallas 1985, no writ) (chapter-42 appeal dismissed because "no order from the Appraisal District or from the Dallas County Appraisal Review Board exists from which an appeal to the district court

---

[10] This holding likewise bars Braun's claim for attorney's fees under section 1988. *See* 42 U.S.C. § 1988(b); *Nat'l Private Truck*, 515 U.S. at 592 ("It follows that when no relief can be awarded pursuant to § 1983, no attorney's fees can be awarded under § 1988.").

[11] Given our disposition of the comity issue, we do not address HCAD's other arguments regarding section 1983, including its argument that Braun did not plead a prima facie case under section 1983. Tex. R. App. P. 47.1.

[12] Braun first asserted her chapter-42 claim in her first amended petition, which was filed after HCAD's plea to the jurisdiction. HCAD did not amend its plea to the jurisdiction. However, in its plea, HCAD asserted generally that Braun had not exhausted her administrative remedies, which is the same basis on which it challenges Braun's chapter-42 claim in this court. *Cf. City of Dall. v. Turley*, 316 S.W.3d 762, 775 (Tex. App.—Dallas 2010, pet. denied) (cause of action in amended petition that "does not present any new claim for which the landowners can demonstrate a waiver of immunity" was properly dismissed based on arguments asserted in plea to jurisdiction).

could be had").

Concluding the trial court lacked subject-matter jurisdiction over Braun's chapter-42 claim, we sustain issue 2.

## C. UDJA

In issue 3, HCAD argues the trial court erred by denying its plea to the jurisdiction as to Braun's UDJA claims. In her first amended petition, Braun made the following claims for relief under the UDJA:

> 26. Plaintiff seeks a judicial declaration as to her rights, status, and other legal relations with respect to HCAD's illegal and improper taxation policies and misapplication of Tex. Tax Code §11.41(b).

> 27. Specifically, Plaintiff seeks a judicial declaration that [Tax Code section] 11.41(b) does not permit HCAD or any other taxing authority to discriminate against married property owners by refusing to permit them the same exemption available to non-married property owners. Plaintiff further pleads that any amounts paid to HCAD based on its illegal and discriminatory conduct were paid under duress, and that HCAD is required to refund those taxes.[13]

HCAD contends that Braun's UDJA claims are barred by her failure to exhaust administrative remedies. "The Texas Tax Code provides detailed administrative procedures for those who would contest their property taxes." *Cameron Appraisal Dist. v. Rourk*, 194 S.W.3d 501, 502 (Tex. 2006) (per curiam); *see generally* Tex. Tax Code Ann. §§ 41.01–42.43. The administrative procedures are "exclusive," and most defenses are barred if not raised therein. *Rourk*, 194 S.W.3d at 502 (citing Tex. Tax. Code Ann. § 42.09).[14] Accordingly, "a taxpayer's

---

[13] It appears the injunctions sought by Braun, prohibiting HCAD from engaging in illegal and unconstitutional discrimination and requiring HCAD to refund taxes collected as a result of illegal and unconstitutional discrimination, are also sought under the UDJA. We note that such injunctive relief is squarely barred under section 1983 by *National Private Truck*. *See* 515 U.S. at 592.

[14] Tax Code section 42.09(a) provides:

failure to pursue an appraisal review board proceeding deprives the courts of jurisdiction to decide most matters relating to ad valorem taxes," including certain UDJA claims.[15] *Rourk*, 194 S.W.3d at 502 (quotation omitted) (dismissing for want of jurisdiction UDJA claims by taxpayers due to failure to exhaust administrative remedies).

Braun does not plead that she exhausted her administrative remedies by seeking relief from the appraisal review board and does not challenge HCAD's evidence that she did not. Rather, Braun argues that her UDJA claims fall within exceptions to the requirement for exhaustion of administrative remedies for purely legal and constitutional questions and for ultra vires acts.

## 1. Purely legal and constitutional questions

Braun first argues that her UDJA claims are exempt from administrative-exhaustion requirements because they present purely legal and constitutional questions. In *Rourk*, however, the supreme court discussed the limitations on the scope of this exception in cases involving ad valorem taxes. *Rourk* involved taxpayers who, "[i]n addition to claiming that taxing their trailers

---

Except as provided by Subsection (b) of this section, procedures prescribed by this title for adjudication of the grounds of protest authorized by this title are exclusive, and a property owner may not raise any of those grounds:

(1) in defense to a suit to enforce collection of delinquent taxes; or

(2) as a basis of a claim for relief in a suit by the property owner to arrest or prevent the tax collection process or to obtain a refund of taxes paid.

Tex. Tax Code Ann. § 42.09. Subsection (b) provides that those who do not file administrative protests may still assert that (1) they did not own the property, or (2) the property was outside the boundaries of the taxing unit. *See* Tex. Tax Code Ann. § 42.09(b). Neither exception applies here.

[15] Under Tax Code chapter 41, property owners are entitled to administratively protest certain actions to the administrative review board. *See* Tex. Tax Code Ann. § 41.41(a). Section 41.41 outlines eight actions that may be protested by a property owner to the administrative review board, including "denial to the property owner in whole or in part of a partial exemption." *Id.* § 41.41(a)(4).

was unconstitutional, . . . [also] claim that their trailers were nontaxable 'recreational vehicles' rather than taxable 'manufactured homes' due to their size, shape, and intended use" under Tax Code section 11.14, which involves an exemption from taxation "of all tangible personal property, other than manufactured homes, that the person owns and that is not held or used for production of income." *Rourk*, 194 S.W.3d at 502; *see* Tex. Tax Code Ann. § 11.14(a). Some taxpayers did not exhaust their administrative remedies before bringing suit, but argued they were excused from doing so under the exception for "purely legal and constitutional questions." *Rourk*, 194 S.W.3d at 502. The supreme court disagreed, explaining, "The taxpayers here are seeking more than a declaration that taxing trailers is unconstitutional—they are seeking to have their individual assessments set aside. While the former claim need not be brought administratively, the latter must." *Id.* Specifically, because the question of whether the exemption applied was one the legislature had "bestow[ed] exclusive original jurisdiction on [an] administrative bod[y]," any exception for purely legal and constitutional questions did not apply.[16] *See id.*

---

[16] Braun argues that *Rourk* was decided on the basis that factual issues precluded the application of the exception for purely legal and constitutional questions. The supreme court's focus, however, was not on unresolved questions of fact, but rather on the bestowal of exclusive jurisdiction on an administrative body to decide the exemption question. *See Rourk*, 194 S.W.3d at 502. This bar to the application of the exception for purely legal and constitutional questions had been recognized in Texas even before *Rourk*. In *MAG-T, L.P. v. Travis Central Appraisal District*, the Austin Court of Appeals explained that "questions dedicated to an administrative agency as part of its exclusive jurisdiction in a statutory scheme to interpret are not subject to collateral attack in district court without first exhausting the administrative remedies provided in the statutory scheme, even if the aggrieved party characterizes the question as a 'pure question[] of law.'" 161 S.W.3d 617, 635 (Tex. App.—Austin 2005, pet. denied). The court clarified that application of the exception would be barred "*even if each question were a pure question of law.*" *Id.* (emphasis added).

Braun again relies on the unpublished opinion of Dallas Court of Appeals in *Hamilton*, which she contends reaches a different conclusion. *Hamilton*, however, was decided before the supreme court's decision in *Rourk*, and in any event addressed "constitutional claims [that] are not grounds of protest authorized by the Tax Code." *See Hamilton*, 2000 WL 1048537 at *7

Braun, like the taxpayers in *Rourk*, characterizes her UDJA claims as addressing purely legal and constitutional questions. Braun, however, seeks more than a declaration that HCAD's actions were unconstitutional;[17] she also seeks a refund based on the denial of her requested homestead exemption. The second part of Braun's request is a claim that must be brought administratively. *See* Tex. Tax Code §§ 41.41(a)(4) (protest to appraisal review board of denial of exemption, in whole or in part), 42.09(a)(2) (exclusive jurisdiction of appraisal review board prohibits lawsuit "by the property owner to arrest or prevent the tax collection process or to obtain a refund of taxes paid" without exhaustion of administrative remedies). Accordingly, Braun's UDJA action falls outside the exception for purely legal and constitutional questions as explained in *Rourk* and applied in this court. *See Rourk*, 194 S.W.3d at 502; *ETC Mktg., Ltd.*, 399 S.W.3d at 368 (taxpayer's claim that ad valorem tax was unconstitutional because property was exempt by virtue of being in interstate commerce was barred because taxpayer "is not raising a pure question of law; it also is seeking to have its tax assessments set

(quotation omitted). Accordingly, *Hamilton* did not address the issue here, which is the application of the exception for purely legal and constitutional questions when such questions are presented alongside a determination that has been delegated to the exclusive jurisdiction of an administrative body. *See Rourk*, 194 S.W.3d at 502.

[17] We note that even the "constitutional" question posed by Braun is not recognized as the type of issue waiving governmental immunity. The UDJA waives governmental immunity for claims challenging the constitutionality of a statute. *See Patel v. Texas Dep't of Licensing & Regulation*, 469 S.W.3d 69, 75–76 (Tex. 2015). In this case, Braun does not challenge the constitutionality of Tax Code section 11.41, but rather the actions HCAD took under the statute in denying her requested exemption in an allegedly discriminatory manner. The UDJA does not waive immunity for such questions. *See Tex. Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 622 (Tex. 2011) ("But Sefzik is not challenging the validity of a statute; instead, he is challenging TxDOT's actions under it, and he does not direct us to any provision of the UDJA that expressly waives immunity for his claim."); *see also Rourk v. Cameron Appraisal Dist.*, 443 S.W.3d 217, 220 (Tex. App.—Corpus Christi 2013, no pet.) ("*Rourk II*") ("Appellants are not challenging the validity of a provision of the tax code; instead, they are challenging the Appraisal District's actions under it, and appellants do not direct us to any portion of the UDJA that expressly waives immunity for these claims.").

aside. It therefore is not relieved from the requirement of exhausting administrative remedies.") (citing *Rourk*, 194 S.W.3d at 502); *Pac. W. Bank v. Brazoria Cnty.*, No. 14-14-00366-CV, 2015 WL 1928888, at \*3 (Tex. App.—Houston [14th Dist.] Apr. 28, 2015, no pet.) (mem. op.) (constitutional exception did not apply to taxpayer's defense that tax was unconstitutional because, by its defense, taxpayer sought to set aside tax assessments).

We conclude that Braun's UDJA claims do not fall within the exception for purely legal and constitutional questions.

### 2. Ultra vires

Braun also argues she was not required to exhaust her administrative remedies because HCAD acted ultra vires, that is, beyond the scope of its authority, in denying her requested exemption. Suits to require state officials to comply with statutory or constitutional provisions are not prohibited by governmental immunity but may proceed under the ultra vires exception. *Tex. Dep't of Ins. v. Reconveyance Servs., Inc.*, 306 S.W.3d 256, 258 (Tex. 2010) (per curiam); *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009). The ultra vires exception waives a government official's immunity in certain circumstances including when "the officer acted without legal authority." *Heinrich*, 284 S.W.3d at 372. An ultra vires suit must not complain of a government officer's exercise of discretion, but rather must allege that the officer either acted without legal authority or failed to perform a purely ministerial act.[18] *Id.*

As a threshold matter, HCAD is not a proper party to an ultra vires suit. The supreme court has made clear that an ultra vires suit must be brought against the relevant government actors in their official capacities, not against that state or its

---

[18] Braun does not complain that any official failed to perform a purely ministerial act.

17

political subdivisions. *Id.* at 372–73.

Even if Braun were to amend to add a proper defendant, the actions she alleges do not fall within the ultra vires exception. Braun argues that HCAD acted beyond the scope of its authority by misinterpreting Tax Code section 11.41 in a manner that denied her requested exemption and, in so doing, infringed upon her fundamental right to marry. The Tax Code, however, confers upon the chief appraiser the discretion to "determine separately each applicant's right to an exemption . . . as the law and facts warrant." Tex. Tax Code Ann. § 11.45(a). Because the appraiser had the legal authority to determine the merits of Braun's requested homestead exemption, Braun cannot argue that the ultra vires exception applies on the basis that the ultimate disposition of her exemption application was incorrect. *See Hall v. McRaven*, 508 S.W.3d 232, 241–42 (Tex. 2017) (when objective of official's duty is to "interpret and apply a law," "a misinterpretation is not overstepping such authority; it is a compliant action even if ultimately erroneous"); *Cameron Cnty. Appraisal Dist. v. Rourk*, No. 13-15-00026-CV, 2016 WL 380309, at *4 (Tex. App.—Corpus Christi Jan. 28, 2016, pet. denied) (mem. op.) ("*Rourk III*") (ultra vires exception did not apply in Tax Code case because allegations that official "failed to 'lawfully apply tax code section 11.14' are analogous to a claim that [official] 'got it wrong'").[19] We conclude Braun has not

---

[19] While Braun relies heavily on *Brennan v. City of Willow Park*, 376 S.W.3d 910 (Tex. App.—Fort Worth 2012, pet. denied), that case is distinguishable. In *Brennan*, the ultra vires claims involved allegations that officials had acted beyond the scope of their authority by issuing bills for mistakenly omitted city taxes under the auspices of Tax Code section 25.21, which merely authorizes the chief appraiser to add a property to the appraisal rolls if it has been omitted entirely. *Id.* at 914. The Fort Worth Court of Appeals accordingly explained:

> Here, Appellants' properties were already properly appraised and entered in the appraisal records of Parker County for the years 2003–2007. Indeed, Appellants paid all property taxes assessed against their properties for the years 2003–2007. The problem here was that taxing units—specifically, the Cities—were not listed in the 2003–2007 Parker County appraisal records as taxing units in which

18

demonstrated the ultra vires exception applies.

Because Braun did not exhaust her administrative remedies and has not shown that an exception applies that would allow her to bring her UDJA claim without meeting the exhaustion requirement, we conclude the trial court lacked jurisdiction over Braun's UDJA claim. We sustain issue 3.

---

Appellants' properties were taxable. Thus, the taxes assessed against Appellants' properties and paid by Appellants for the years 2003–2007 did not include city taxes. The remedy for omitted property set forth in section 25.21—appraising the property as of January 1 of each year that it was omitted and entering the property and its appraised value in the appraisal records—accomplishes nothing here. Appellants' properties were already properly appraised for the years 2003, 2004, 2005, 2006, and 2007 and were already properly entered in Parker County's appraisal records for those years. No remedy is provided in section 25.21 for omitted taxing units. Thus, Appellees acted outside their statutory authority by utilizing section 25.21 to add the Cities as taxing units of their properties.

*Id.* at 919 (footnote omitted). Simply put, in *Brennan*, officials attempted to use a provision of the Tax Code to accomplish something that the provision did not allow them to do. In this case, by contrast, the Tax Code clearly authorizes the chief appraiser to grant or deny a homestead exemption as the law and facts require. *See* Tex. Tax Code §§ 11.41, .45. This is precisely what HCAD did, and Braun's claims reduce to an assertion that HCAD "got it wrong."

### III. CONCLUSION

Having sustained HCAD's issues 1, 2, and 3,[20] we reverse the trial court's order denying HCAD's plea to the jurisdiction and render the order the trial court should have rendered, a judgment dismissing Braun's lawsuit against HCAD for want of subject-matter jurisdiction.[21] Tex. R. App. P. 43.2(c).


/s/      Charles A. Spain
          Justice


Panel consists of Justices Jewell, Spain, and Wilson.

---

[20] As issues 1, 2, and 3 resolve all of Braun's claims, we do not consider HCAD's remaining issues 4 and 5. Tex. R. Civ. P. 47.1.

[21] Because the potential bases of subject-matter jurisdiction over Braun's claims have been not only defeated but negated, we conclude it would be futile to remand to allow Braun an opportunity to amend her pleadings to cure the jurisdictional defects. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226–27 (Tex. 2004). Moreover, Braun filed her first amended petition after HCAD filed its plea to the jurisdiction. In such circumstances, the supreme court has held that a party is not entitled to an additional opportunity to replead its case. *See id.* at 231; *see also Harris Cnty. v. Sykes*, 136 S.W.3d 635, 639 (Tex. 2004) ("If a plaintiff has been provided a reasonable opportunity to amend after a governmental entity files its plea to the jurisdiction, and the plaintiff's amended pleading still does not allege facts that would constitute a waiver of immunity, then the trial court should dismiss the plaintiff's action.").