**CAMERON APPRAISAL DISTRICT,**
Petitioner,

v.

**Thora O. ROURK, et al., Respondents.**

No. 04–0359.

Supreme Court of Texas.

June 2, 2006.

Ernest C. Garcia, Judith A. Hargrove, Linebarger Goggan Blair & Sampson, LLP, Austin, for Petitioner.

Ruben R. Pena, Law Offices of Ruben R. Pena, P.C., Harlingen, for Respondents.

Richard S. Talbert, Law Offices of Talbert & McDaniel, Weslaco, for Amicus Curiae.

Gene Phagan, Mission, pro se.

PER CURIAM.

■ The Cameron Appraisal District assessed ad valorem taxes against the owners of 34 travel trailers for the tax years 2000 and 2001. After some but not all filed unsuccessful administrative protests and then timely appeals in the district court, the latter (1) dismissed for lack of jurisdiction the claims by those who had not exhausted administrative remedies, (2) granted summary judgment against the remainder because their trailers were taxable as a matter of law, and (3) refused to certify a class action. The court of appeals reversed, finding error in all three rulings. 131 S.W.3d 285 (Tex.App.-Corpus Christi 2004).[1] Because exhaustion of administrative remedies was mandatory, we reverse. *See* TEX. GOV'T CODE § 22.225(d).

---

1. Although remanding to the trial court for class certification, the court of appeals appeared to approve a class of "[a]ll individuals located in Cameron County, Texas who own park model or travel trailers located on r.v. or travel trailer parks, who have been either previously taxed and/or whom the Cameron County Appraisal District has sought to appraise for the purpose of placing the park model or travel trailers on the tax rolls of various taxing entities within Cameron County, Texas and whose park models and/or travel trailers ... are not held or used for the production of income." 131 S.W.3d at 300.

The Texas Tax Code provides detailed administrative procedures for those who would contest their property taxes. *See* §§ 41.01–.71. Administrative decisions are final if not appealed to the district court within 45 days. *Id.* § 42.21(a). The administrative procedures are "exclusive" and most defenses are barred if not raised therein. *Id.* § 42.09.[2] Thus, we have repeatedly held that "a taxpayer's failure to pursue an appraisal review board proceeding deprives the courts of jurisdiction to decide most matters relating to ad valorem taxes." *Matagorda County Appraisal Dist. v. Coastal Liquids Partners, L.P.*, 165 S.W.3d 329, 331 (Tex.2005); *Gen. Elec. Credit Corp. v. Midland Cent. Appraisal Dist.*, 826 S.W.2d 124, 125 (Tex.1992) (per curiam); *Webb County Appraisal Dist. v. New Laredo Hotel, Inc.*, 792 S.W.2d 952, 954–55 (Tex.1990); *see also In re Entergy Corp.*, 142 S.W.3d 316, 321–22 (Tex.2004) (applying the same rule generally when an agency has exclusive original jurisdiction).

■ Here, the summary judgment record establishes that some of the named taxpayers pursued administrative remedies and filed timely appeals, but others did not. The record does not indicate how many unnamed class members might be in either category. By mandating class certification of all claims nonetheless, the court of appeals allowed taxpayers to bypass the statutorily required administrative remedies. A class action cannot be used to alter these statutory prerequisites to taxpayer recovery. *See Henry Schein, Inc. v. Stromboe*, 102 S.W.3d 675, 693 (Tex.2003); *Southwestern Ref. Co. v. Bernal*, 22 S.W.3d 425, 437 (Tex.2000).

The court of appeals held the exhaustion requirements inapplicable because purely legal and constitutional questions were involved here. 131 S.W.3d at 292. We disagree. In addition to claiming that taxing their trailers was unconstitutional, the taxpayers claim that their trailers were nontaxable "recreational vehicles" rather than taxable "manufactured homes" due to their size, shape, and intended use. *See* TEX. TAX CODE § 11.14 (incorporating by reference *id.* § 11.432(c), TEX. OCC. CODE § 1201.003(9) & (15), and 24 C.F.R. § 3282.8(g)).

The taxpayers here are seeking more than a declaration that taxing trailers is unconstitutional—they are seeking to have their individual assessments set aside. While the former claim need not be brought administratively, the latter must. *See Texas Workers' Comp. Comm'n v. Garcia*, 893 S.W.2d 504, 519 (Tex.1995).

The Texas Constitution expressly allows the Legislature to bestow exclusive original jurisdiction on administrative bodies. *See* TEX. CONST. art. V, § 8. There is no question the Legislature intended to do so here. By finding "no sound reason" to require exhaustion, *see* 131 S.W.3d at 292, the court of appeals simply substituted its own judgment for that of the Legislature. Accordingly, the court of appeals erred in reversing the trial court's partial dismissal and requiring certification of a class of taxpayers who had failed to pursue administrative remedies.

We agree, however, with the court of appeals that fact issues preclude finding the remaining taxpayers' trailers taxable as a matter of law as "manufactured homes" rather than "recreational vehicles." Whether a class can be certified as to those claims is a matter that must be decided by the trial court in the first instance. *See Schein*, 102 S.W.3d at 700.

---

**2.** Those who do not file administrative protests may still assert that (1) they did not own the property, or (2) the property was outside the boundaries of the taxing unit. *See* TEX. TAX CODE § 42.09(b). The class here asserts neither.

Accordingly, without hearing oral argument, *see* TEX. R. APP. P. 59.1, we reverse the court of appeals' judgment in part and remand to the trial court for further proceedings.