

# NUMBER 13-12-00149-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

SUSANNA E. GROVES,                                                    Appellant,

v.

CAMERON APPRAISAL DISTRICT AND
CAMERON APPRIASAL REVIEW BOARD,                      Appellees.

## On appeal from the 445th District Court
## of Cameron County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides and Perkes
### Memorandum Opinion by Justice Benavides

This case arises from a protest regarding a property tax appraisal. Appellant, Susanna E. Groves, alleges the trial court erred when it (1) dismissed her case for lack of subject matter jurisdiction and (2) failed to award her the declaratory and injunctive relief she sought. We affirm.

## I.  BACKGROUND

Groves owns a travel trailer listed in the appraisal records of the Cameron County Appraisal District (CAD).   According to Groves, the travel trailer is neither a "manufactured home" nor a "permanent fixture" on her real estate, thus making it non-taxable personal property.   *See* TEX. TAX CODE ANN. §§ 11.14, 11.432 (West 2008). In 2011, CAD did not appraise her travel trailer.   Groves filed a protest of her appraised property tax value with the Cameron County Appraisal Review Board (Review Board), and the review board appraised the value of her property at zero.

Although Groves apparently did not pay any taxes with regard to her travel trailer, she appealed the Review Board's order in district court.   In her petition, Groves requested declaratory and injunctive relief and relief under the Texas Tax Code. Specifically, Groves requested the court to "enter other orders necessary to preserve rights . . . . including an order to [the Review Board] to remove [Groves] from the county appraisal rolls . . . ."   She also, for the first time, requested a determination of situs. *See generally id.* §§ 21.01–.02 (West 2009).   CAD and the Review Board answered, and Groves responded by filing a motion to strike their answer.   CAD and the Review Board then filed a first amended answer along with a joint plea to the jurisdiction.   In their plea to the jurisdiction, CAD and the Review Board asserted that, as political subdivisions, they were entitled to governmental immunity under Texas law.   They also claimed that Groves was not entitled to a declaratory judgment or injunctive relief; her only relief, if any, was limited to the exclusive remedies of the Texas Tax Code.   Finally, they asserted that the trial court did not have jurisdiction because Groves failed to plead that she exhausted her administrative claims.

2

The district court set a hearing for the motion to dismiss appellants' answer and the plea to the jurisdiction on January 10, 2012. After the hearing, the trial court denied the motion to strike appellees' answer and granted the plea to the jurisdiction. Groves then filed this appeal.

## II. PLEA TO THE JURISDICTION

### A. Applicable Law and Standard of Review

A plea to the jurisdiction is a dilatory plea that seeks to defeat a cause of action by questioning the trial court's subject matter jurisdiction and should be decided "without delving into the merits of the case." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). Subject matter jurisdiction pertains to the court's fundamental power to decide a case. *See id.* "We review a trial court's order granting or denying a plea to the jurisdiction de novo." *Houston Mun. Employees Pension Sys. v. Ferrell*, 248 S.W.3d 151, 156 (Tex. 2007). In our review, we examine the plaintiff's petition and evidence submitted by the parties "to the extent it is relevant to the jurisdictional issue." *Id.*

Governmental immunity protects political subdivisions of the State from suit, unless immunity from suit has been waived. *Gen. Servs. Comm'n v. Little-Tex Insulation Co.*, 39 S.W.3d 591, 594 (Tex. 2001). "Immunity from suit defeats a trial court's subject matter jurisdiction and thus is properly asserted in a plea to the jurisdiction." *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999).

The Texas Tax Code "creates appraisal districts and requires each district to appraise property for the ad valorem taxing units within the district." *See Mag-T, L.P. v. Travis Cent. Appraisal Dist.*, 161 S.W.3d 617, 621–22 (Tex. App.—Austin 2005, pet.

3

denied). "The tax code also establishes an appraisal review board for every appraisal district, which is governed by its board of directors and appoints the chief appraiser." *Id.* (citing TEX. TAX CODE ANN. §§ 6.031–6.035) (West 2008)). Both CAD and the Review Board in this case are considered governmental units. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(3) (West 2011) (establishing that a "political subdivision of the state" is considered a "governmental unit"); TEX. TAX CODE ANN. § 6.01(c) (providing that "an appraisal district is a political subdivision of the state").

**B.    Discussion**

After receiving her order from the Review Board, Groves sued both the CAD and Review Board in district court. By her first issue, Groves argued that the trial court erred when it dismissed her case against both appellees for lack of subject matter jurisdiction. We note that both entities are entitled to governmental immunity from suit, and nothing in the record reveals that they waived their immunity in any way. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(3); TEX. TAX CODE ANN. § 6.01(c).

Further, Groves herself acknowledges that she had not exhausted her administrative remedies before filing suit in district court. In her brief, Groves argued that, "there is no sound reason for forcing a litigant through the administrative process when in good faith she is advancing a substantial complaint that the statute she is charged with violating is [un]constitutional." In light of the foregoing facts, we hold that the trial court did not err when it granted the CAD's and Review Board's pleas to the jurisdiction. *See Gen. Servs. Comm'n*, 39 S.W.3d at 594. We overrule Groves's first issue.

4

## III. TEXAS TAX CODE REMEDIES

In the alternative, Groves argued that the trial court erred when it failed to grant the declaratory and injunctive relief she sought. Specifically, Groves requested the Review Board to remove her travel trailer, listed as Property ID 372689, PARK PLACE MHP – HARLINGEN, R-20, 1983, Mallard 8X32 VIN # 1P9MB02R8DB008019, from the Cameron County appraisal rolls. She also, for the first time, requested a determination of situs.

### A. Applicable Law and Standard of Review

The Texas Tax Code provides a comprehensive and exclusive procedural scheme for resolving taxpayer grievances. *See Cameron Appraisal Dist. v. Rourk*, 194 S.W.3d 501, 502 (Tex. 2006). The Texas Supreme Court has repeatedly held that "a taxpayer's failure to pursue an appraisal review board proceeding deprives the courts of jurisdiction to decide most matters relating to" property taxes. *Id.* (citing *Matagorda County Appraisal Dist. v. Coastal Liquids Partners, L.P.*, 165 S.W.3d 329, 331 (Tex. 2005)). A property owner may protest any action of the chief appraiser, appraisal district, or appraisal review board that applies to and adversely affects the property owner. *See* TEX. TAX CODE ANN. § 41.41 (West 2009).

### B. Discussion

Groves's request to be removed from the Cameron County appraisal rolls falls outside the exclusive remedies available under the Texas Tax Code. *See id.* § 42.09(a) (West 2009) (establishing that "procedures prescribed by this title for adjudication of the grounds of protest authorized by this title are exclusive. . . .). Thus, the trial court was within its discretion not to grant this request. It was also outside the trial court's

jurisdiction to consider Groves's request for a "determination of situs" when she had not previously asked for that at the CAD or Review Board levels. *See Rourk*, 194 S.W.3d at 502. Further, we note that Groves was not "adversely affected" by an act of CAD or the Review Board in this case. It is undisputed that the Review Board appraised the value of Groves's travel trailer property at zero. Groves, therefore, could not have been "adversely affected" by this action because she did not pay any taxes on her travel trailer in 2011. *See* Tex. Tax Code Ann. § 41.41.

Finally, to the extent Groves claims that she is merely asserting constitutional claims, we disagree. *See Rourk*, 194 S.W.3d at 502. Similar to the *Rourk* taxpayers, Groves is "seeking more than a declaration that taxing trailers is unconstitutional—[she] is seeking to have [her] individual assessment" set aside. *See id.* Because we conclude that Groves sought remedies outside the scope of the tax code, and outside the jurisdiction of the trial court, we overrule her second issue.

## IV. Conclusion

Having overruled both of Groves's issues, we affirm the decision of the trial court.

_____
GINA M. BENAVIDES,
Justice

Delivered and filed the
31st day of August, 2012.

6