

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-20-00096-CV
_____


HOLCIM (US) INC. AND HOLCIM TEXAS LIMITED PARTNERSHIP, Appellants

V.

ELLIS COUNTY APPRAISAL DISTRICT, Appellee


On Appeal from the 40th District Court
Ellis County, Texas
Trial Court No. 104026


Before Morriss, C.J., Burgess and Stevens, JJ.
Opinion by Justice Stevens

OPINION

Holcim (US) Inc. and Holcim Texas Limited Partnership (collectively Holcim) appeal the trial court's order granting a plea to the jurisdiction filed by the Ellis County Appraisal District (District). In a single issue, Holcim argues that the trial court erred by granting the plea to the jurisdiction and dismissing its lawsuit, which sought to challenge the District's valuation of Holcim's property for tax purposes. We affirm the trial court's order of dismissal for want of jurisdiction.[1]

## I. Standard of Review

Whether a court has subject-matter jurisdiction is a question of law that is properly asserted by a plea to the jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004). We review the trial court's ruling on a plea to the jurisdiction de novo. *Chambers-Liberty Ctys. Navigation Dist. v. State*, 575 S.W.3d 339, 345 (Tex. 2019). This case also presents questions of statutory construction, which we also review de novo. *Id.*

A plea to the jurisdiction can challenge either the pleadings or the existence of jurisdictional facts. *See Miranda*, 133 S.W.3d at 226–27. Where, as here, "'a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised,' even where those facts may implicate the merits of the cause of action." *City of Waco v. Kirwan*, 298 S.W.3d 618, 622 (Tex. 2009) (quoting *Miranda*, 133 S.W.3d at 227).

---

[1]Originally appealed to the Tenth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001. We are unaware of any conflict between precedent of the Tenth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

Parties may submit evidence supporting or opposing the plea, which we review under the same standard applicable to a traditional motion for summary judgment. *Chambers-Liberty Ctys. Navigation Dist.*, 575 S.W.3d at 345 (citing *Sampson v. Univ. of Tex. at Austin*, 500 S.W.3d 380, 384 (Tex. 2016)). "[W]e take as true all evidence favorable to the plaintiff, indulging every reasonable inference and resolving any doubts in the plaintiff's favor." *Sampson v. Univ. of Tex. at Austin*, 500 S.W.3d 380, 384 (Tex. 2016). "[I]f the relevant evidence . . . fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law." *Miranda*, 133 S.W.3d at 228. But if the evidence creates a fact question regarding the jurisdictional issue, then the trial court must deny the plea to the jurisdiction and allow the fact-finder to resolve the issue. *Id.* at 227–28.

## II. Administrative Procedures Under the Texas Tax Code and Relevant Caselaw

An understanding of the parties' arguments in this case requires an upfront examination of the Texas Tax Code, which "provides detailed administrative procedures for those who would contest their property taxes." *Bundren v. Collin Cent. Appraisal Dist.*, No. 05-18-01048-CV, 2019 WL 6649053, at *2 (Tex. App.—Dallas Dec. 6, 2019, no pet.) (mem. op.) (citing *Cameron Appraisal Dist. v. Rourk*, 194 S.W.3d 501, 502 (Tex. 2006) (per curiam) (citing TEX. TAX CODE ANN. §§ 41.01–.71)). "The administrative procedures are 'exclusive' and most defenses are barred if not raised therein." *Id.* (quoting *Rourk*, 194 S.W.3d at 502 (citing TEX. TAX CODE ANN. § 42.09)).

"A property owner is entitled to protest before the appraisal review board the . . . determination of the appraised value of the owner's property or, in the case of land appraised

. . . [a] determination of its appraised or market value." TEX. TAX CODE ANN. § 41.41(a)(1) (Supp.). On the filing of a protest, the appraisal review board must schedule a hearing. TEX. TAX CODE ANN. § 41.45(a) (Supp.). "A taxpayer may 'appear' before the [Appraisal Board] in person, through a representative, or by means of an affidavit." *Webb Cty. Appraisal Dist. v. New Laredo Hotel, Inc.*, 792 S.W.2d 952, 953 (Tex. 1990). Section 41.45(b) of the Texas Tax Code reads:

> A property owner initiating a protest is entitled to appear to offer evidence or argument. A property owner may offer evidence or argument by affidavit without personally appearing and may appear by telephone conference call or videoconference to offer argument. A property owner who appears by telephone conference call or videoconference must offer any evidence by affidavit. A property owner must submit an affidavit described by this subsection to the board hearing the protest before the board begins the hearing on the protest.

TEX. TAX CODE ANN. § 41.45(b). Also, "[a] property owner who is entitled as provided by this chapter to appear at a hearing may appear by himself or by his agent." TEX. TAX CODE ANN. § 41.66(c) (Supp.). After a hearing, "[t]he appraisal review board hearing a protest shall determine the protest and make its decision by written order." TEX. TAX CODE ANN. § 41.47(a) (Supp.). "A property owner is entitled to appeal . . . an order of the appraisal review board determining . . . a protest by the property owner as provided by Subchapter C of Chapter 41." TEX. TAX CODE ANN. § 42.01(a)(1)(A) (Supp.).

Despite the language stating that a property owner "may" appear or is "entitled" to appear, the Texas Supreme Court has determined that "Chapter 41 of the Texas Tax Code assumes appearance." *Webb Cty. Appraisal Dist. v. New Laredo Hotel, Inc.*, 792 S.W.2d 952, 953 (Tex. 1990) (quoting TEX. TAX CODE ANN. §§ 41.45, 41.66(c)). "Put simply, it is not a

4

question of *whether* the taxpayer must appear, but rather *how* the taxpayer will make its appearance." *Id.* This is because an appraisal board "must have evidence before it from which it can determine if the property was overvalued." *Id.* at 953–54. As a result, the Texas Supreme Court has held that "taxpayers contesting property valuation must appear, either personally, by representative, or by affidavit, at the protest hearing as a prerequisite to an appeal to district court." *Id.* at 955. In so holding, it explained that a ruling otherwise

> would be the emasculation of the administrative hearing process. Filing a protest would become merely one more hoop to jump through before appealing to district court. It would not be inconceivable for a taxpayer to file a protest with the appraisal review board and simultaneously file a petition in district court based on the alleged overevaluation. By requesting a trial date after the review board's hearing, the taxpayer could merely amend his petition to reflect the board's decision if the protest was denied, or dismiss the suit if the protest was granted. The intent of the administrative review process is to resolve the majority of tax protests at this level, thereby relieving the burden on the court system. The corollary to this rule is that judicial review of administrative orders is not available unless all administrative remedies have been pursued to the fullest extent.
>
> . . . . [I]f the taxpayer is not required to appear at the protest hearing in order to appeal to district court, the administrative hearing process would become useless.

*Id.* at 954 (citations omitted). As a result, "a taxpayer's failure to pursue an appraisal review board proceeding deprives the courts of jurisdiction to decide most matters relating to ad valorem taxes." *Rourk*, 194 S.W.3d at 502; *Bundren*, 2019 WL 6649053, at *2; *see Atascosa Cty. Appraisal Dist. v. Tymrak*, 858 S.W.2d 335, 336 (Tex. 1993); *Aramco Associated Co. v. Harris Cty. Appraisal Dist.*, 33 S.W.3d 361, 364 (Tex. App.—Texarkana 2000, pet. denied) ("As a prerequisite to appeal to the district court, a taxpayer contesting property evaluation is required

5

to appear at the protest hearing either personally, by representative, or by affidavit.") (citing *New Laredo Hotel*, 792 S.W.2d at 954–55).

Even so, the Texas Tax Code provides relief in certain circumstances when there is a failure to appear. Section 41.45(e-1) states,

> A property owner or a person designated by the property owner as the owner's agent to represent the owner at the hearing who fails to appear at the hearing is entitled to a new hearing if the property owner or the owner's agent files, *not later than the fourth day* after the date the hearing occurred, a written statement with the appraisal review board showing good cause for the failure to appear and requesting a new hearing.

TEX. TAX CODE ANN. § 41.45(e-1) (Supp.) (emphasis added).[2] Also, amendments made by the Texas Legislature in 2019 to the Texas Tax Code provide additional relief. Section 42.01, which states:

> (a)      A property owner is entitled to appeal:
>
> . . . .
>
>     (E)      that the appraisal review board lacks jurisdiction to finally determine a protest by the property owner under Subchapter C, Chapter 41, . . . because the property owner failed to comply with a requirement of Subchapter C, Chapter 41 . . . .
>
> . . . .

---

[2] "[G]ood cause . . . means a reason that includes an error or mistake that: (1) was not intentional or the result of conscious indifference, and (2) will not cause undue delay or other injury to the person authorized to extend the deadline or grant a rescheduling." TEX. TAX CODE ANN. § 41.45 (e-2) (Supp.).

(c)    A property owner who establishes that the appraisal review board had jurisdiction to issue a final determination of the protest by the property owner under Subchapter C, Chapter 41, . . . in an appeal under Subsection (a)(1)(E) of this section is entitled to a final determination by the court of the protest under Subchapter C, Chapter 41.

TEX. TAX CODE ANN. § 42.01(a)(E), (c) (Supp.).  Section 42.231 provides,

(a)    This section applies only to an appeal by a property owner of an order of the appraisal review board determining:

(1)    a protest by the property owner as provided by Subchapter C, Chapter 41; or

(2)    a motion filed by the property owner under Section 25.25.

(b)    Subject to the provisions of this section and notwithstanding any other law, if a plea to the jurisdiction is filed in the appeal on the basis that the property owner failed to exhaust the property owner's administrative remedies, the court may, in lieu of dismissing the appeal for lack of jurisdiction, remand the action to the appraisal review board with instructions to allow the property owner an opportunity to cure the property owner's failure to exhaust administrative remedies.

TEX. TAX CODE ANN. § 42.231(a)–(b) (Supp.).

## III.    Factual Background

Holcim filed a protest challenging the District's valuation of its property and hired counsel to represent it in front of the Ellis Appraisal Review Board (ARB).  On June 8, 2020, Amber Brackens, a District employee, sent notices of a June 23 ARB hearing date by regular mail and email to Holcim's counsel.  It is undisputed that counsel received the hearing notices. The hearing notices explained that evidence was required at the hearing and warned, "[Y]our protest may be dismissed if you fail to appear," and "Failure to appear at your hearing either in person, by sending a sworn affidavit containing evidence to support your protest, or by an

authorized agent may jeopardize your right to appeal the appraisal review board's decision to district court." The hearing notice also stated,

> ALL EVIDENCE YOU WOULD LIKE THE ARB TO CONSIDER MUST BE SUBMITTED PRIOR TO YOUR HEARING and if you are offering TESTIMONY, please also send the enclosed AFFIDAVIT of SWORN TESTIMONY as well. This will be reviewed by the ARB at the beginning of the hearing.
>
> . . . .
>
> If you decide to submit an affidavit or declaration, please make sure it identifies you as the property owner and your address . . . and that i[t] shows the date and time of the hearing. For an affidavit to be considered, WE MUST RECEIVE IT AT THE HEARING LOCATION SHOWN ABOVE PRIOR TO YOUR HEARING.

It is undisputed that no one appeared on Holcim's behalf at the hearing. On the day of the hearing, Brackens contacted Holcim's counsel's office and asked whether they had submitted an affidavit. In response, "[a] representative" from counsel's firm "indicated the affidavit was mailed certified." Because no evidence was received at the hearing and there was no request to postpone the hearing, the ARB issued a notice of dismissal of Holcim's protest on June 29. The dismissal notice stated, "The property owner failed to appear either in person, by authorized agent, by affidavit, or by telephone" at the hearing. As a result, the notice stated that the protest was forfeited by the failure to appear and was dismissed. It is undisputed that no written request showing good cause for failing to appear was made within four days after the hearing as required by Section 41.45 to obtain a new hearing. *See* TEX. TAX CODE ANN. § 41.45(e-1).

On July 9, Jana Fletcher, an employee of Holcim's counsel's firm, emailed Brackens to ask whether the hearings had been rescheduled because the ARB had received the affidavits after

8

the hearing. In response, Brackens wrote, "ARB and Chief Appraiser has requested a good cause letter." On July 10, 2020, a letter from Holcim's counsel stated that the firm had mailed by certified mail affidavits to be considered at the hearing on June 18, 2020, but the postal service had failed to "log the mail package into their system . . . until June 20" or timely deliver them. Holcim's counsel said he first became aware of this issue on the day of the hearing when Brackens called the firm. Fletcher swore that she had mailed the hearing affidavits by certified mail on June 18 and gave the tracking numbers to Brackens when she called on the date of the hearing.

On August 20, 2020, Holcim appealed to the 40th Judicial District Court of Ellis County and argued that the properties' appraised value exceeded the market value. Holcim's petition requested that the protest be remanded to the ARB pursuant to Section 42.231 of the Texas Tax Code. Even so, Holcim's prayer requested that the trial court order an appraisal and "fix and determine the Property's appraised value to be no more than its market value."

The District filed a plea to the jurisdiction arguing that the trial court lacked jurisdiction because Holcim failed to exhaust administrative remedies and never requested a new hearing under Section 41.45(e-1).[3] The District attached the affidavit of Kathy Rodrigue, its chief appraiser, stating that Brackens reviewed her emails and other records before the hearing to make sure that no affidavit in support of the protest had been received. Rodrigue said she never instructed Brackens to contact anyone to inquire about affidavits related to Holcim's accounts and that she was not authorized to extend any deadlines under the Texas Tax Code. Rodrigue

---

[3]The District also raised the issue of governmental immunity.

also said Brackens did not inform her of the July 9 email and that she was not directed or authorized to respond to Fletcher's email.

In its response to the plea to the jurisdiction, Holcim argued that the ARB knew on the day of the hearing that Holcim had timely mailed the affidavits, that Holcim wanted to pursue its protest and that there was good cause to reschedule the hearing.[4] Holcim also argued that Section 42.231 allowed the trial court to remand the protest. At trial, Holcim represented that "[t]he language of [S]ection 42.231 is permissive because if it were mandatory, Plaintiffs or any other property owner could conceivably do absolutely nothing and attempt to bypass the administrative level and go directly to the district court."

The trial court granted the District's plea to the jurisdiction after finding that (1) the ARB did not receive the hearing affidavits before the hearing, (2) Holcim was notified that the ARB had not received the affidavits before the protest hearing but did not request a postponement of the hearing, (3) the ARB dismissed Holcim's protest due to failure to appear, (4) Holcim was entitled to a new hearing if requested not later than the 4th day after June 23 but did not timely request a hearing or timely submit a letter showing good cause, (5) Holcim did not avail itself of the administrative remedies outlined in Section 41.45(e-1), and (6) exhaustion of administrative remedies was a prerequisite to appeal. As a result, the trial court dismissed Holcim's petition for want of jurisdiction.

---

[4]The hearing affidavits, which are not included in our appellate record, were required to meet the standards set forth by Section 41.45(i). *See* TEX. TAX CODE ANN. § 41.45(i) (Supp.).

## IV.    Analysis

It is undisputed that Holcim received timely notice of the hearing but failed to appear in person, by affidavit, or by any other method. As a result, the ARB had no evidence to consider at the hearing and dismissed Holcim's protest. Holcim argues that the postal service's failure to deliver timely mailed documents constituted good cause for a new hearing, but it is also undisputed that Holcim failed to request, within four days of the hearing, a new hearing based on good cause and that no determination on the issue of good cause was made by the ARB.

"Property owners may not pursue judicial relief regarding a tax protest until they have exhausted administrative remedies." *Fort Bend Cent. Appraisal Dist. v. McGee Chapel Baptist Church*, 611 S.W.3d 443, 448 (Tex. App.—Houston [14th Dist.] 2020, no pet.). Holcim's petition requested an appeal on the merits of his property tax protest, but the ARB never decided the merits, which was a prerequisite to obtaining the relief requested by Holcim's prayer. *See New Laredo Hotel*, 792 S.W.2d at 955; *Fort Bend Cent. Appraisal Dist. v. McGee Chapel Baptist Church*, 611 S.W.3d 443, 451 (Tex. App.—Houston [14th Dist.] 2020, no pet.); *Aramco Associated Co.*, 33 S.W.3d at 364. We find that Holcim's failure to follow the procedures of Chapter 41 deprived the trial court of jurisdiction. *See Rourk*, 194 S.W.3d at 502; *New Laredo Hotel*, 792 S.W.2d at 954–55; *Bundren*, 2019 WL 6649053, at *3 ("By failing to appear at the hearing or otherwise present evidence to the ARB, appellants failed to exhaust their administrative remedies and the trial court lacked jurisdiction to consider their complaints related to ad valorem taxes.").

Even so, Holcim argues that the provisions of Sections 42.01 and 42.231 apply and confer jurisdiction on the trial court. We disagree.

Section 42.01 allows an appeal from a lack of jurisdiction determination. *See* TEX. TAX CODE ANN. § 42.01(a)(1)(E) (Supp.). Holcim's petition sought "a judicial determination of the appropriate tax treatment of its property for the tax year." Holcim requested that the trial court, among other things, "fix and determine the Property's appraised value to be no more than its market value," "order the Property's appraised value according to the appraisal roll reduced to no more than the appraised value determined by the Court," "order the Property appraised equally and uniformly in accordance with the law," and "remove or reduce to the lawful amount any tax liens upon the Property in favor of the taxing units." Essentially, the petition sought a trial de novo of the valuation of the property even though the ARB did not make a final determination on the protest. The petition did not mention Section 42.01 and did not appeal any lack of jurisdiction determination to the trial court. The District points out that it did not dismiss the protest for lack of jurisdiction, but because it determined that Holcim forfeited the protest by failing to appear. Because Holcim did not appeal a lack of jurisdiction determination, Section 42.01 did not serve to confer jurisdiction over the claims asserted or the relief requested by Holcim.

Holcim also requested a remand for a new hearing under Section 42.231, but that section only applies when an appraisal review board has entered an order determining the protest. *See* TEX. TAX CODE ANN. § 42.231(a). Because Holcim's protest was dismissed, rather than determined, Section 42.231 does not apply.

12

We find that the trial court properly granted the District's plea to the jurisdiction. As a result, we overrule Holcim's sole point of error.

**V.      Conclusion**

We affirm the trial court's judgment.


                                                                   Scott E. Stevens
                                                                   Justice


Date Submitted:      June 1, 2021
Date Decided:        November 18, 2021


13