**Opinion issued on December 28, 2023.**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-21-00306-CV

———————————

**MANSION PARTNERS, LTD., Appellant**

**V.**

**HARRIS COUNTY APPRAISAL DISTRICT, Appellee**

---

**On Appeal from the 127th District Court**
**Harris County, Texas**
**Trial Court Case No. 2020-28005**

---

## MEMORANDUM OPINION

This appeal stems from a property-tax dispute between Mansion Partners, Ltd. and the Harris County Appraisal District ("HCAD"). Mansion Partners protested HCAD's appraised value for its property for tax year 2019. The Harris County Appraisal Review Board ("ARB") denied Mansion Partners' protest in August 2019.

Over three months later, Mansion Partners filed a second "notice of protest" asking the ARB to reissue its August 2019 order to restart the clock and permit Mansion Partners to file a timely petition for judicial review challenging the appraised value of its property for tax year 2019. The ARB dismissed Mansion Partners' second "notice of protest" for lack of jurisdiction.

In May 2020, Mansion Partners filed suit against HCAD and ARB challenging (1) the ARB's failure to reissue its August 2019 order and (2) the appraised value of its property for tax year 2019 as unequal and excessive. HCAD filed a plea to the jurisdiction arguing the district court lacked jurisdiction over Mansion Partners' suit because the petition was untimely. The district court granted the plea and dismissed Mansion Partners' claims against HCAD without prejudice.

On appeal, Mansion Partners argues the district court erred by granting HCAD's plea to the jurisdiction because contrary to HCAD's argument, Mansion Partners did not judicially admit its petition was untimely, and even if its petition was untimely, the trial court still abused its discretion by dismissing Mansion Partners' claims, rather than remanding the matter to "HCAD and/or the ARB" to allow the ARB to exercise its implied power to reissue its orders determining protest to cure any jurisdictional defects.

We affirm the trial court's judgment granting HCAD's plea to the jurisdiction and dismissing Mansion Partners' claims for lack of jurisdiction.

**Background**

Mansion Partners has two separate lawsuits pending against HCAD concerning the appraised value of its property, the Deer Park Gardens Apartments, for tax year 2019. This appeal concerns the second filed suit.

**A.     The First Lawsuit**

Mansion Partners filed an administrative protest with the ARB challenging HCAD's appraised value of its apartment complex for tax year 2018 (the "First Lawsuit"). *Mansion Partners, Ltd. v. Harris Cnty. Appraisal Dist.*, No. 01-20-00565-CV, 2022 WL 175357, at *1 (Tex. App.—Houston [1st Dist.] Jan. 20, 2022, no pet.) (mem. op.) (*Mansion Partners I*). Unsatisfied with the ARB's determination of its protest, Mansion Partners filed a timely petition for judicial review in the district court challenging the 2018 appraised value.

While its petition for judicial review was pending, Mansion Partners protested HCAD's appraised value of its apartment complex for tax year 2019. *Id.* at *1. The ARB denied Mansion Partners' 2019 tax protest and sent notice of its order determining protest via email to Mansion Partners' tax agent, O'Connor & Associates. *Id.* Although the ARB order was dated "8/12/2019," it was signed by the chairman of the ARB, beneath the words: "Signed on this 2nd day of August, 2019." *Id.*

3

Three months later, on November 26, 2019, Mansion Partners filed a second "notice of protest" with the ARB. In its notice, Mansion Partners stated: "We did not receive the County conf. letter from the tax agent. The agent informed us of the letter date in a Sept. 3[, 2019] email but did not send the County letter as in years past (until today). Can you please reissue the County confirmation letter to the owner."

**1.     Amended Petition and Plea to the Jurisdiction in District Court**

On January 3, 2020, five months after the ARB denied Mansion Partners' 2019 protest and while Mansion Partners' second "notice of protest" remained pending, Mansion Partners filed an amended petition for review in the First Lawsuit adding allegations that HCAD's 2019 appraisal of its property was excessive and unequal. *Id.* at *1, 3; *see* TEX. TAX CODE § 42.21(c) (stating if petition for review "is pending when the appraisal review board issues an order in a subsequent year under a protest by the same property owner" relating to "the same property that is involved in the pending appeal," property owner may file appeal by amending original petition for review to include grounds for appeal of subsequent order).

On June 29, 2020, HCAD filed a plea to the jurisdiction arguing the district court lacked jurisdiction over Mansion Partners' amendment because the amendment was filed more than 60 days after Mansion Partners received the order

4

from the ARB determining its 2019 protest.[1]  *Id.* at *2.  HCAD attached to its plea (1) Mansion Partners' amended petition; (2) a certified copy of the ARB's August 2, 2019 Order; and (3) the August 2, 2019 electronic service receipt showing the ARB notified Mansion Partners' tax agent of its August 2019 Order.  *Id.*

Mansion Partners responded, arguing HCAD had not established Mansion Partners' amended petition was filed more than 60 days after receiving notice of the ARB's August 2019 Order.  *Id.*  Thus, Mansion Partners argued, HCAD failed to meet its burden to establish the amended petition for review was untimely.  *See id.* at *3.  Mansion Partners did not dispute HCAD's assertion that its January 2020 amended petition was untimely.  Rather, Mansion Partners' posture was to insist that HCAD, as the party moving for dismissal, meet its burden to prove the amended petition was untimely.  *Id.*

The trial court granted the plea to the jurisdiction and dismissed Mansion Partners' amended claims against HCAD for tax year 2019.  Mansion Partners appealed.

---

[1]    A taxpayer must file a petition for judicial review within 60 days after receiving notice that a final order has been entered.  TEX. TAX CODE § 42.21(a) ("A party who appeals as provided by this chapter must file a petition for review with the district court within 60 days after the party received notice that a final order has been entered from which an appeal may be had or at any time after the hearing but before the 60-day deadline. Failure to timely file a petition bars any appeal under this chapter.").

## 2.     Appeal from Trial Court: *Mansion Partners I*

On appeal, Mansion Partners argued HCAD had not carried its burden to establish its amended petition was filed more than 60 days after Mansion Partners received notice of the ARB's August 2019 order because HCAD had not provided evidence of "an agreement for E-Service between HCAD and Mansion Partners' administrative tax agent."[2] *Id.* at *2–3. This Court agreed, stating:

> HCAD's evidence of delivery was its electronic service receipt showing that it electronically sent a notice regarding the 2019 appraisal review board order to an O'Connor & Associates email address. But it did not provide evidence that Mansion Partners or its agent had an agreement regarding electronic communication as required by section 1.085. . . . Absent such an agreement, HCAD was required to send the notice by mail. *See* TEX. TAX CODE § 1.07(a). Under the Property Tax Code, a notice sent by first-class mail is "presumed delivered when it is deposited in the mail." *Id.* § 1.07(c). HCAD did not provide any evidence that the notice required by section 42.21 was deposited in the mail. *See id.*; *Fort Bend Cent. Appraisal Dist.*, 2021 WL 2231245 at *4–8 (addressing evidence needed to raise presumption of delivery such as proof of sufficient postage, type of mail service used, how notice placed in the mail, current address used, and notice not returned). Because HCAD did not produce evidence that Mansion Partners or its agent agreed to electronic communication or evidence raising a presumption of delivery by mail, we conclude that HCAD did not prove when notice of the ARB order was received by Mansion Partners. We therefore conclude that HCAD did not prove that the amended petition was not timely filed. Accordingly, we hold that the trial court erred by granting the plea to the jurisdiction.

---

[2]     In the present appeal, HCAD does not argue it proved Mansion Partners failed to file its petition for review within the 60-day deadline based on evidence the ARB electronically sent a notice of its August 2019 Order to Mansion Partners' tax agent. Rather, HCAD argues that in the present case, Mansion Partners judicially admitted that its petition for review was untimely, thus excusing HCAD from producing evidence of that fact.

*Id.* at \*4.  We reversed the trial court's order granting HCAD's plea to the jurisdiction and dismissing Mansion Partners' claims challenging HCAD's 2019 appraised value for its property.  We remanded to the trial court for further proceedings.  *Id.*

**B.      The Second Lawsuit**

In March 2020, the ARB dismissed Mansion Partners' second "notice of protest."  The ARB issued an "Order of Dismissal," stating it had no "jurisdiction to consider or grant the relief requested" by Mansion Partners in its November 26, 2019 protest and it ordered that Mansion Partners' "motion and/or protest be dismissed without hearing or determination for lack of jurisdiction."  Although the ARB order was dated "3/16/2020," it was signed by the chairman of the ARB, beneath the words: "Signed on this 6th day of March, 2020."

On May 6, 2020, Mansion Partners filed a petition for judicial review against HCAD and the ARB challenging "HCAD's or the ARB's failure to re-issue its order determining Mansion Partners' administrative tax protest [for tax year 2019], so that Mansion Partners could file a new tax appeal" and complaining of HCAD's valuation of its apartment complex for tax year 2019 as excessive and unequal (the "Second Lawsuit").

HCAD filed a plea to the jurisdiction arguing the district court lacked jurisdiction over Mansion Partners' petition because Mansion Partners' petition for

7

judicial review was untimely.[3] HCAD argued that Mansion Partners had judicially admitted in its own petition for judicial review that its petition had not been filed within the required statutory time frame. HCAD attached to its plea a copy of the ARB's August 2019 order determining protest and a certified copy of Mansion Partners' May 6, 2020 petition filed in the Second Lawsuit.

Mansion Partners responded to HCAD's plea to the jurisdiction, but it provided no evidence. Mansion Partners argued the ARB had abused its discretion by dismissing Mansion Partners' November 26, 2019 protest for lack of jurisdiction because the ARB "enjoys the reasonably necessary, implied (though not inherent) power to re-issue an Order Determining Protest." According to Mansion Partners, the ARB's "implicit authority to re-issue an Order Determining Protest follows from its general power to adjudicate property tax cases and mirrors or is somewhat akin to its authority to entertain a late-filed notice of protest." Mansion Partners argued that "although it is acknowledged that Tax Code procedures for adjudicating protests are exclusive, TEX. TAX CODE 42.09(a), the Appraisal Review Boards of Texas

---

[3] HCAD's plea to the jurisdiction does not address Mansion Partners' challenge to the ARB's March 2020 order dismissing its November 2019 reissuance request. On appeal, however, HCAD argues the trial court lacks jurisdiction over Mansion Partners' challenge to the ARB's failure to reissue its August 2019 order because Mansion Partners did not identify a valid waiver of immunity against HCAD. HCAD may raise this jurisdictional ground for the first time on appeal. *Waco Indep. School Dist. v. Gibson*, 22 S.W.3d 849, 850–51 (Tex. 2000) (holding that jurisdictional grounds not raised in plea to jurisdiction can be raised for first time on appeal).

8

nevertheless retain the rights to issue and to re-issue their Orders, as they see fit and as the equities require."[4]

Mansion Partners denied it had judicially admitted that its petition for review was untimely. It argued HCAD had not shown that it had "properly notified [Mansion Partners] about the issuance of the Order Determining Protest," an issue Mansion Partners acknowledged was "at least impliedly decided in a fashion adverse" to Mansion Partners by the trial court in the First Lawsuit. Mansion Partners argued the trial court either "should remand this matter to the [ARB] for further proceedings or adjudicate the substance of [Mansion Partners'] request [for re-issuance of the August 2019 order] in accordance with the trial *de novo* schema of the Texas Tax Code." During the non-evidentiary hearing on HCAD's plea to the jurisdiction, Mansion Partners acknowledged it had not filed its petition for review challenging the 2019 tax appraisal "within 60 days of the date on the order determining protest which was issued August 12, 2019 . . . no one disputes that."

---

[4]     Tax Code Section 42.09(a) states: "Except as provided by Subsection (b) of this section, procedures prescribed by this title for adjudication of the grounds of protest authorized by this title are exclusive. . ." TEX. TAX CODE § 42.09(a); *see id.* § 42.09(b) (allowing "person against whom a suit to collect a delinquent property tax is filed" to plead specific affirmative defenses).

On June 9, 2021, the trial court granted HCAD's plea to the jurisdiction and dismissed Mansion Partners' claims against HCAD without prejudice. This appeal followed.

## Property Appraisals under the Texas Property Tax Code

The Texas Property Tax Code establishes an appraisal district for each county. TEX. TAX CODE § 6.01(a). County appraisal districts annually appraise each property within their boundaries and send notice of the appraised value to the property's owner. *See id.* § 23.01. If a property owner disagrees with the appraised value of its property, the property owner may file an administrative protest before the county's appraisal review board under Chapter 41 of the Tax Code. *See id.* § 41.41(a); *see also Willacy Cnty. Appraisal Dist. v. Sebastian Cotton & Grain, Ltd.*, 555 S.W.3d 29, 40 (Tex. 2018) ("Chapter 41 gives property owners the right to protest a number of actions before the ARB, including the appraised value of their property, a determination of ownership, or 'any other action of the chief appraiser, appraisal district, or appraisal review board that applies to and adversely affects the property owner.'" (quoting TEX. TAX CODE § 41.41(a)). Once the ARB reviews the protest, it sends notice of the issuance of its order determining the protest as well as a copy of the order to the property owner or its agent. *See Mansion Partners I*, 2022 WL 175357 at *3; *see also* TEX. TAX CODE § 41.47(a) (stating board must "determine the protest and make its decision by written order"); *id.* § 41.47(d)(1)

10

(requiring notice of order and order to be delivered by certified mail to property owner); *id.* § 1.085(a) (stating "notice . . . that is required or permitted by this title to be delivered between a chief appraiser, an appraisal district, an appraisal review board, or any combination of those persons and a property owner or [agent of a property owner] may be delivered in an electronic format if the chief appraiser and the property owner [or agent] agree under this section").

The property owner may appeal the ARB's final order by filing a petition for review in the district court within 60 days of receiving notice of the final order. TEX. TAX CODE § 42.21(a). Because filing of a timely petition for review in the district court is jurisdictional, an untimely petition deprives the district court of jurisdiction to hear a property owner's appeal. *See Fort Bend Cent. Appraisal Dist. v. Am. Furniture Warehouse Co.*, 630 S.W.3d 530, 536 (Tex. App.—Houston [1st Dist.] 2021, no pet.); *see also Appraisal Review Bd. v. Int'l Church of Foursquare Gospel*, 719 S.W.2d 160, 160 (Tex. 1986); *see* TEX. TAX CODE § 42.21(a) ("Failure to timely file a petition bars any appeal under this chapter.").

The property owner must exhaust its administrative remedies before filing its petition for judicial review. *See Willacy Cnty. Appraisal Dist. v. Sebastian Cotton & Grain, Ltd.*, 555 S.W.3d 29, 50 (Tex. 2018) (stating property owner is required to exhaust administrative remedies before filing petition). A property owner's failure to exhaust its administrative remedies before filing a petition for judicial review

11

"deprives the courts of jurisdiction to decide most matters relating to ad valorem taxes." *Vitol v. Harris Cnty. Appraisal Dist.*, 529 S.W.3d 159, 166 (Tex. App.— Houston [14th Dist.] 2017, no pet.) (quoting *Cameron Appraisal Dist. v. Rourk*, 194 S.W.3d 501, 502 (Tex. 2006)).

## Plea to the Jurisdiction

The existence of subject matter jurisdiction is a question of law that can be challenged by a plea to the jurisdiction. *Klumb v. Hous. Mun. Emps. Pension Sys.*, 458 S.W.3d 1, 8 (Tex. 2015). We review a court's ruling on a plea to the jurisdiction de novo. *Univ. of Tex. M.D. Anderson Cancer Ctr. v. McKenzie*, 578 S.W.3d 506, 512 (Tex. 2019). When reviewing a trial court's ruling on a challenge to its jurisdiction, we consider the plaintiff's pleadings and factual assertions, as well as any evidence relevant to the jurisdictional issue. *See City of Elsa v. Gonzalez*, 325 S.W.3d 622, 625–26 (Tex. 2010). We construe pleadings liberally in favor of the plaintiff, look to the pleader's intent, and determine if the pleader has alleged facts affirmatively demonstrating the court's jurisdiction. *Id.* at 625. "If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the fact finder." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227–28 (Tex. 2004). Conversely, "if the relevant evidence is undisputed or fails to raise a fact

12

question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law." *Id.* at 228; *Fort Bend Cent. Appraisal Dist.*, 630 S.W.3d at 535.

## Governmental Immunity

Governmental immunity protects political subdivisions of the state, including appraisal districts, from lawsuits and liability for monetary damages unless the political subdivision's immunity is waived by the Legislature. *See Dohlen v. City of San Antonio*, 643 S.W.3d 387, 392 (Tex. 2022) (stating political subdivision "retain[s] immunity unless the Legislature clearly and unambiguously waives it); TEX. TAX CODE § 6.01(c) ("An appraisal district is a political subdivision of the state."). Because immunity from suit implicates a court's subject matter jurisdiction, a governmental entity may raise a governmental immunity claim in a plea to the jurisdiction. *Univ. of Tex. M.D. Anderson Cancer Ctr.*, 578 S.W.3d at 512.

## Discussion

In its plea to the jurisdiction, HCAD argued the district court lacked jurisdiction over Mansion Partners' petition for review because Mansion Partners' petition was not filed timely. In support of its plea, HCAD relied on Mansion Partners' statement in its petition for review, which stated Mansion Partners "desired to file this appeal within the span of time which is permitted by the Texas Tax Code but did not do so." HCAD argued the statement was a judicial admission of the fact

the petition was not filed "within the span of time which is permitted by the Texas Tax Code."

On appeal, Mansion Partners argues the trial court erred by granting HCAD's plea to the jurisdiction because contrary to HCAD's argument, it did not judicially admit that its petition was untimely. And even if its petition was untimely, the district court erred by dismissing Mansion Partners' appeal for lack of jurisdiction rather than remanding the matter "to HCAD and/or the ARB" pursuant to Tax Code Section 42.231 to allow Mansion Partners to cure any jurisdictional defects.[5] According to Mansion Partners, it is entitled to have the matter remanded to HCAD or the ARB to allow Mansion Partners to file a timely petition for review, thereby curing any alleged jurisdictional issues, because HCAD effectively moved to dismiss its petition based on Mansion Partners' alleged failure to exhaust its administrative remedies.

### 1.    Mansion Partners' Judicial Admission

Mansion Partners argues that contrary to HCAD's argument, Mansion Partners did not judicially admit "any fact undermining its right to maintain this lawsuit or appeal." Mansion Partners argues that the "statement in its petition, that

---

[5]    Mansion Partners further argues that this Court should remand this matter to "HCAD or the ARB for further administrative proceedings," or, alternatively, "remand this matter to the trial court with instructions to remand to HCAD or the ARB" to allow it to cure any jurisdictional issues.

it desired to file its petition within the span permitted by the Texas Tax Code but did not do so, is not clearly and unequivocally an admission" of Mansion Partners' "inability to seek judicial relief, or (without limitation) a waiver of the right to insist that [HCAD and the ARB] prove proper noticing of the Orders Determining Protest." Mansion Partners states that its statements in the petition "should be construed merely to assert what already is beyond cavil, that [Mansion Partners] did not file a tax year 2019 petition for review within sixty days of August 12, 2019."

A judicial admission is a clear, deliberate, and unequivocal assertion of fact which conclusively disproves a right of recovery or a defense and makes the introduction of other evidence on an issue unnecessary. *In re Estate of Guerrero*, 465 S.W.3d 693, 705 (Tex. App.—Houston [14th Dist.] 2015, pet. denied); *see also Holy Cross Church of God v Wolf*, 44 S.W.3d 562, 568 (Tex. 2001) (stating "judicial admission that is clear and unequivocal has conclusive effect and bars the admitting party from later disputing the admitted fact"). This rule is based on the public policy that it would be unjust to permit a party to recover after he has sworn himself out of court by a clear, unequivocal statement. *Guerrero*, 465 S.W.3d at 705. To constitute a judicial admission, the statement must be (1) made in the course of a judicial proceeding; (2) contrary to a fact essential for the party's recovery or defense; (3) deliberate, clear, and unequivocal; (4) in accordance with public policy if given

15

conclusive effect; and (5) consistent with the opposing party's theory of recovery. *Id.* at 705–06.

In its petition for judicial review, Mansion Partners stated that it "desired to file this appeal within the span of time which is permitted by the Texas Tax Code *but did not do so*." (emphasis added). Mansion Partners' failure to file its petition for review "within the span of time which is permitted by the Texas Tax Code" is contrary to a fact essential for Mansion Partners' recovery and consistent with HCAD's argument that the district court lacked subject matter jurisdiction over Mansion Partners' petition because an untimely petition deprives a district court of jurisdiction. *Guerrero*, 465 S.W.3d at 705–06 (stating requirements for judicial admission). Mansion Partners' statement was a clear, unequivocal, and deliberate statement made in a judicial proceeding.

The application of the judicial admission doctrine in this case is also consistent with the public policy of the Tax Code, which aims to balance property owners' rights to contest tax appraisals with the need to achieve finality in appraisal rolls. *See id.* at 705 (stating judicial admission doctrine based on "public policy that it would be unjust to permit a party to recover after he has sworn himself out of court by a clear, unequivocal statement"). *Cf. Anderton v. Rockwall Cent. Appraisal Dist.*, 26 S.W.3d 539, 543 (Tex. App.—Dallas 2000, pet. denied) ("The legislature's intent, as may be determined from the overall tax appraisal protest scheme, is that

16

the appraisal rolls become fixed after property owners have been given adequate time to file their protests."); *Valero Transmission Co. v. Hays Consol. Indep. Sch. Dist.*, 704 S.W.2d 857, 859 n.1 (Tex. App.—Austin 1985, writ ref'd n.r.e.) (stating purpose of Property Tax Code is "the orderly collection of revenue so that the functions of government should not be dependent upon the outcome of a multitude of lawsuits").

We thus hold Mansion Partners judicially admitted that its petition for review was not filed "within the span of time which is permitted by the Texas Tax Code," and that HCAD was entitled to rely on the judicial admission in meeting its burden to establish that Mansion Partners' petition was untimely.[6] *See Philips v. McNease*, 467 S.W.3d 688, 697 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (holding

---

[6] Although we reach a different disposition than in *Mansion Partners I*, the opinions, which are based on different facts, are not inconsistent. In *Mansion Partners I*, we held HCAD failed to prove Mansion Partners' amended petition filed in the First Lawsuit was not timely because "HCAD did not produce evidence that Mansion Partners or its agent agreed to electronic communication or evidence raising a presumption of delivery by mail" and thus failed to prove Mansion Partners received notice of the ARB's order. We did not consider whether Mansion Partners had judicially admitted the untimeliness of its petition in the First Lawsuit because that issue was not advanced by HCAD nor considered by the trial court. *See Mansion Partners I*, 2022 WL 175357, at *4. Unlike in *Mansion Partners I*, in this case, HCAD relied on Mansion Partners' judicial admission that its petition for review in the Second Lawsuit was untimely and HCAD was thus relieved of its obligation to produce evidence to establish Mansion Partners' petition for review was untimely. *See In re Estate of Guerrero*, 465 S.W.3d 693, 705 (Tex. App.—Houston [14th Dist.] 2015, pet. denied) (stating judicial admission is formal waiver of proof that dispenses with production of evidence on issue and bars admitting party from disputing issue).

17

defendant moving for summary judgment was entitled to rely on plaintiff's judicial admission in petition regarding existence of document).

## 2. Tax Code Section 42.231

Mansion Partners argues that even if it judicially admitted that its petition for review was untimely, the trial court should have remanded the matter to the ARB pursuant to Tax Code Section 42.231 to allow Mansion Partners an opportunity to cure any jurisdictional defects.[7] According to Mansion Partners, on remand the ARB could reissue its August 2019 Order with a new date, allowing Mansion Partners to file a timely petition for review, thereby curing any jurisdictional defect. Mansion Partners argues it is entitled to have the matter remanded to the ARB pursuant to Section 42.231 because the filing of a timely petition for review is an administrative remedy, and thus HCAD effectively moved to dismiss Mansion Partners' petition for review for lack of jurisdiction based on Mansion Partners' alleged failure to exhaust its administrative remedies.

HCAD argues Section 42.231 is inapplicable because it did not move to dismiss Mansion Partners' petition for review based on Mansion Partners' failure to exhaust its administrative remedies. Rather, HCAD sought dismissal of Mansion

---

[7] Mansion Partners also argues that this Court should remand this matter to "HCAD or the ARB for further administrative proceedings," or, alternatively, "remand this matter to the trial court with instructions to remand to HCAD or the ARB" to allow it to cure any jurisdictional issues.

18

Partners' petition for failure to file a timely petition for review, a jurisdictional defect that deprives the trial court of jurisdiction. According to HCAD, the filing of a timely petition for review is a judicial remedy, not an administrative remedy, and Mansion Partners exhausted its administrative remedies before filing its petition for review because (1) Mansion Partners filed a protest with the ARB for tax year 2019, (2) Mansion Partners attended the ARB's hearing on the protest, and (3) the ARB determined Mansion Partners' protest by a written order. We agree with HCAD.

"The Texas Tax Code provides detailed administrative procedures for those who would contest their property taxes." *Vitol*, 529 S.W.3d at 166 (quoting *Rourk*, 194 S.W.3d at 502). After a property owner receives notice of the appraised value of its property for a given tax year, the property owner may protest the appraisal value before the ARB. The procedures for protesting before the ARB are set forth in Chapter 41 of the Tax Code, which is entitled "Local Review." Once the ARB determines the protest pursuant to Chapter 41, a property owner is entitled to seek judicial relief by filing a petition for judicial review in the district court challenging the appraised value of the property. TEX. TAX CODE § 42.21. Tax Code Section 42.21, which authorizes property owners to file a petition for review, is included in Subchapter B of Chapter 42 of the Tax Code, which is entitled "Judicial Review."

Generally, property owners must exhaust their administrative remedies before seeking judicial review pursuant to Section 42.21. *Willacy Cnty. Appraisal Dist.*,

19

555 S.W.3d at 50; *see also Harris Cnty. Appraisal Dist. v. ETC Mktg., Ltd.*, 399

S.W.3d 364, 367 (Tex. App.—Houston [14th Dist.] 2013, pet. denied) (same); *Vitol*,

529 S.W.3d at 166 (same).  A property owner's failure to exhaust its administrative

remedies before filing a petition for review "deprives the courts of jurisdiction to

decide most matters relating to ad valorem taxes." *Vitol*, 529 S.W.3d at 168 (quoting

*Rourk*, 194 S.W.3d at 502).  Tax Code Section 42.231(b), which allows the district

court to remand a matter to the ARB to allow a property owner to exhaust its

administrative remedies, states:

> Subject to the provisions of this section and notwithstanding any other law, if a plea to the jurisdiction is filed in the appeal on the basis that the property owner failed to exhaust the property owner's administrative remedies, the court may, in lieu of dismissing the appeal for lack of jurisdiction, remand the action to the appraisal review board with instructions to allow the property owner an opportunity to cure the property owner's failure to exhaust administrative remedies.

TEX. TAX CODE § 42.231(b).

Mansion Partners' appellate argument conflates two separate jurisdictional

requirements: (1) the exhaustion of administrative remedies before filing a petition

for review, with (2) the timely filing of that petition for review.[8]  "Exhaustion of

remedies requires a party in an administrative proceeding to await that proceeding's

---

[8]    Although Mansion Partners asked the trial court to remand the matter to the ARB to allow it to cure any jurisdictional defects, it did not do so based on Tax Code Section 42.231(b), nor did Mansion Partners argue that HCAD was effectively moving to dismiss its petition based on the exhaustion-of-administrative-remedies doctrine.

20

completion, thereby securing all available administrative relief before seeking judicial review of the agency's action." *Cash Am. Intern. Inc. v. Bennett*, 35 S.W.3d 12, 15 (Tex. 2000). The administrative proceeding before the ARB is complete when the board determines the protest by written order. *See SPX Corp. v. Altinger*, 614 S.W.3d 362, 374 (Tex. App.—Houston [14th Dist.] 2020, no pet.) (holding property owner exhausted its administrative remedies when owner protested appraisal review board's property appraisal, appeared in person at hearings, submitted argument and evidence, and appraisal review board determined protest because "no further relief was available to SPX at the administrative level"); *Midland Cent. Appraisal Dist. v. Plains Mktg., L.P.*, 202 S.W.3d 469, 475 (Tex. App.—Eastland 2006, pet. denied) (stating plaintiff "exhausted its administrative remedies" when plaintiff's claim "was presented to, debated before, and denied by" county appraisal review board).

The record reflects Mansion Partners filed a protest before the ARB for tax year 2019, attended the ARB's hearing on its protest, and the ARB determined Mansion Partners' protest by a written order. At that point, Mansion Partners, which had "secur[ed] all available administrative relief" from the ARB, exhausted its administrative remedies and was entitled to file a petition in the district court for judicial review of its property's 2019 appraised value. TEX. TAX CODE § 42.01(a). But Mansion Partners was required to file its petition for judicial review within 60

21

days of receiving notice of the ARB's order. *Id.* Mansion Partners did not do so. As it judicially admitted, its petition was untimely, thus depriving the court of jurisdiction. HCAD's plea was based on the untimeliness of Mansion Partners' petition, not the exhaustion-of-administrative-remedies doctrine. We thus hold Section 42.231(b) is inapplicable, and Mansion Partners was not entitled to have the matter remanded to the ARB based on this statute.

We overrule Mansion Partners' challenge to the trial court's decision to dismiss Mansion Partners' claims against HCAD, rather than remanding the matter to the ARB.

### 3.      Dismissal of Mansion Partners' November 2019 Protest

The ARB's March 6, 2020 order dismissing Mansion Partners' second "notice of protest" states the ARB has no "jurisdiction to consider or grant the relief requested" by Mansion Partners in its November 26, 2019 protest. The ARB ordered that Mansion Partners' "motion and/or protest be dismissed without hearing or determination for lack of jurisdiction." To the extent Mansion Partners argues that the district court erred by granting HCAD's plea to the jurisdiction because the ARB has the implied power to reissue its August 2019 Order, Mansion Partners does not prevail on this point.

The ARB is an administrative agency. *See Clint Indep. Sch. Dist. v. Marquez*, 487 S.W.3d 538, 544 (Tex. 2016) (referring to county appraisal review board as type

22

of administrative agency); *Beltran Gutierrez v. City of Laredo*, No. 04-17-00838-CV, 2019 WL 691443, at \*2 (Tex. App.—San Antonio Feb. 20, 2019, pet. denied) (mem. op.) (same); *see also Rourk*, 194 S.W.3d at 502 (stating in suit involving county appraisal district: "The Texas Constitution expressly allows the Legislature to bestow exclusive original jurisdiction on administrative bodies. There is no question the Legislature intended to do so here." (internal citation omitted)). As an administrative agency, the ARB possesses only those powers expressly provided to it by statute or necessarily implied to carry out the express powers the Legislature has given it. *See Public Util. Comm'n v. City Pub. Serv. Bd.*, 53 S.W.3d 310, 315 (Tex. 2001); *Public Util. Comm'n v. GTE-Sw., Inc.*, 901 S.W.2d 401, 407 (Tex. 1995).

Regardless of whether the ARB has a general implied power to reissue its orders as Mansion Partners argues, an issue we do not decide, it is readily apparent that the reissuance of an order determining a protest three months after the original order was issued for the *sole purpose of extending or restarting the 60 deadline to file a petition for review* to allow a taxpayer to make what is essentially an out-of-time appeal is not a power "necessarily implied in order to carry out" the ARB's power under the Tax Code to determine appraisal value protests. The ARB's administrative function was satisfied when it issued its initial order in August 2019 denying Mansion Partners' protest.

Because the ARB does not have the power to grant Mansion Partners the only relief it requested in its November 2019 protest, and thus lacks jurisdiction over Mansion Partners' protest, the district court did not err by granting HCAD's plea to the jurisdiction. Thus, to the extent Mansion Partners challenges the district court's granting of the plea to the jurisdiction on this basis, we overrule the issue. [9]

## Conclusion

We affirm the trial court's judgment granting HCAD's plea to the jurisdiction and dismissing Mansion Partners' petition for judicial review for lack of jurisdiction.


Veronica Rivas-Molloy
Justice

Panel consists of Justices Goodman, Rivas-Molloy, and Guerra.

Goodman, J., concurring.

---

[9] HCAD argues the trial court does not have jurisdiction over Mansion Partners' challenge to the ARB's failure to reissue its order of dismissal because Mansion Partners did not identify a valid waiver of immunity against HCAD with respect to this issue. In light of our holding that the ARB does not have the power to grant Mansion Partners the relief it seeks, we need not address this argument.