# Court of Appeals

## Tenth Appellate District of Texas

=====================

10-22-00396-CV

=====================

Robertson Central Appraisal District, Lesley Sootoo,
in her official capacity as Chief Appraiser of the Robertson Central
Appraisal District, and Ross Simmons, in his official capacity as
Board Chairman of the Robertson Central Appraisal District,
Appellants

v.

Karl C. Hoppess, Trustee of the Lily Rush Hoppess Trust,
Karl C. Hoppess, Trustee of the Coulter Hoppess Marital
Deduction Trust, Terry N. Forrester, Trustee of the Terry N. and
Nancy H. Forrester Revocable Living Trust, Karl C. Hoppess,
Individually, Judith H. Hood, Martha Helen Hoppess, David N. and
Raelene M. Forrester, and Brad and Karalynn Cromeens, et al., on
behalf of themselves and all others similarly situated,
Appellees

=====================

On appeal from the
82nd District Court of Robertson County, Texas
Senior Judge Robert M. Stem, presiding
Trial Court Cause No. 13-08-19394-CV

=====================

CHIEF JUSTICE JOHNSON delivered the opinion of the Court.

**MEMORANDUM OPINION**

Karl H. Hoppess, individually and as trustee of both the Lily Rush Hoppess Trust and the Coulter Hoppess Marital Deduction Trust, Terry N. Forrester, as trustee of the Terry N. and Nancy H. Forrester Revocable Living Trust, Judith H. Hood, Martha Helen Hoppess, David N. and Raelene M. Forrester, and Brad and Karalynn Cromeens (collectively, the Property Owners) have brought this suit against Robertson Central Appraisal District (RCAD), Lesley Sootoo, in her official capacity as Chief Appraiser of RCAD (the Chief Appraiser),[1] Ross Simmons, in his official capacity as Board Chairman of RCAD (the Board Chairman), and Jimmy Reagan, in his official capacity as Chairman of the Appraisal Review Board for RCAD. RCAD, the Chief Appraiser, and the Board Chairman (collectively, the Taxing Authorities) subsequently filed a partial plea to the jurisdiction,[2] which the trial court denied. The Taxing Authorities then filed a notice of appeal from the trial court's interlocutory order denying their partial plea to the jurisdiction.[3] We will affirm in part and reverse in part.

---

[1] The Property Owners originally brought suit against Nancy Commander, in her official capacity as RCAD's chief appraiser, but while this appeal was pending, Sootoo succeeded Commander in her position. Accordingly, we have substituted Sootoo for Commander in this appeal as RCAD's chief appraiser. *See* TEX. R. APP. P. 7.2(a).

[2] Reagan did not join in filing the partial plea to the jurisdiction.

[3] *See generally* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (allowing appeal from interlocutory order that "grants or denies a plea to the jurisdiction by a governmental unit"); *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840–46 (Tex. 2007) (holding that section 51.014(a)(8) vests appellate courts with jurisdiction to consider interlocutory appeals of jurisdictional pleas brought both by governmental entities and by employees of such governmental entities who have been sued in their official capacities).

## Background

The original petition in this suit was filed in 2013. The seventh amended petition, which was filed by the Property Owners in 2022, was the live petition at the time the trial court considered and denied the plea to the jurisdiction filed by the Taxing Authorities. In their seventh amended petition, the Property Owners allege as follows:[4] They are the owners of certain real property and improvements in Robertson County. There are pipeline easements passing on, across, and through the acreage in Robertson County, including passing on, across, and through the Property Owners' acreage.

The Property Owners allege in their live petition that, in the years before this suit was filed, "the appraisals of, and the market value of[,] the pipeline easements dramatically increased, especially within the industry and within designated corridors." The Property Owners allege that RCAD, however, "continued to classify the oil and gas transportation pipeline business and its real property easements as special and privileged real property accounts, by illegally and unconstitutionally having its real property appraisers ignore pipeline easements and corridors and determine this use of real property special and non-taxable." The Property Owners allege that, as a result, the

---

[4] Because Reagan did not join in filing the partial plea to the jurisdiction and is not a party to this appeal, we limit our discussion in this opinion to the allegations and claims asserted by the Property Owners against the Taxing Authorities only.

landowners of Robertson County have borne a tax burden that should have been shouldered by the oil and gas transportation pipeline business.

The Property Owners allege in their live petition that they therefore protested the proposed 2013, 2014, 2015, 2016, 2017, 2018, 2019, 2020, and 2021 value of each of their properties and appeared before the RCAD appraisal review board (the ARB) in formal hearings. Following each hearing, the ARB issued its order fixing the value of the property that had been challenged.

The Property Owners then filed this suit appealing the orders of the ARB to the trial court. Additionally, in their live petition, the Property Owners assert a declaratory judgment action under chapter 37 of the Civil Practice and Remedies Code (the Uniform Declaratory Judgments Act (UDJA)), request injunctive relief, and seek the certification of this suit as a class action.

The Taxing Authorities filed a partial plea to the jurisdiction, challenging the Property Owners' requests for declaratory relief, injunctive relief, and the certification of this suit as a class action.[5] The Taxing Authorities argued that the Tax Code provides the exclusive procedures and

---

[5] In their supplemental partial plea to the jurisdiction and reply to the Property Owners' response in opposition to the plea, the Taxing Authorities expressly stated that their partial plea to the jurisdiction is "focused on three claims: the claims for a class action, injunctive relief, and declaratory relief." The Taxing Authorities further indicated that, if necessary, any other jurisdictional issues will be raised at another time. Accordingly, in their partial plea to the jurisdiction, the Taxing Authorities did not challenge the trial court's jurisdiction over the Property Owners' appeal to the trial court of the ARB's orders fixing the values of their properties.

remedies for the Property Owners. The trial court denied the Taxing Authorities' plea to the jurisdiction. This appeal ensued.

## Issues

In three issues, the Taxing Authorities contend that the trial court erred in denying their partial plea to the jurisdiction. In their first issue, the Taxing Authorities contend that the trial court lacks jurisdiction over the Property Owners' redundant equitable claims against RCAD because the Tax Code provides the exclusive remedies against appraisal districts for complaints concerning the appraisal of property. In their second issue, the Taxing Authorities contend that the trial court lacks jurisdiction over the Property Owners' claims against the Chief Appraiser because an *ultra vires* claim seeking retrospective relief or seeking relief that is redundant of a statutory remedy is not viable. Finally, in their third issue, the Taxing Authorities contend that the trial court lacks jurisdiction over the Property Owners' claims against the Board Chairman because the relief sought by the Property Owners is retrospective and redundant of the Tax Code relief they seek and because the Property Owners have not identified a statutory or constitutional duty applicable to the Board Chairman that he allegedly violated.

## Standard of Review

A plea to the jurisdiction is a dilatory plea that seeks dismissal for lack of subject-matter jurisdiction. *Harris County v. Sykes*, 136 S.W.3d 635, 638

(Tex. 2004). Subject matter jurisdiction is a claim-by-claim inquiry. *Herrera v. Mata*, 702 S.W.3d 538, 543 (Tex. 2024) (per curiam). Whether a court has subject-matter jurisdiction is a question of law; therefore, we apply a *de novo* standard of review to a trial court's ruling on a plea to the jurisdiction. *City of Dallas v. Carbajal*, 324 S.W.3d 537, 538 (Tex. 2010) (per curiam).

A jurisdictional plea may challenge the pleadings, the existence of jurisdictional facts, or both. *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770 (Tex. 2018). When, as here, the plea challenges only the pleadings, we determine if the plaintiff has alleged facts that affirmatively demonstrate the trial court's jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). We construe the pleadings liberally in the plaintiffs' favor and look to the pleaders' intent. *Id.* If the pleadings are insufficient to establish jurisdiction but do not affirmatively demonstrate an incurable defect in jurisdiction, the plaintiff should ordinarily be given the opportunity to amend. *See id.* at 226–27. But if the pleadings affirmatively negate the existence of jurisdiction altogether, then a jurisdictional plea may be granted without allowing the plaintiffs an opportunity to amend. *Id.* at 227.

## Discussion

"The Texas Constitution expressly allows the Legislature to bestow exclusive original jurisdiction on administrative bodies." *Cameron Appraisal Dist. v. Rourk*, 194 S.W.3d 501, 502 (Tex. 2006) (per curiam); *see* TEX. CONST.

art. V, § 8.  In the Tax Code, the Legislature intended to bestow exclusive original jurisdiction on appraisal review boards to decide most matters relating to ad valorem taxes.  *See* TEX. TAX CODE ANN. § 42.09; *Rourk*, 194 S.W.3d at 502; *Matagorda Cnty. Appraisal Dist. v. Coastal Liquids Partners, L.P.*, 165 S.W.3d 329, 331 (Tex. 2005).

The Tax Code "provides detailed administrative procedures for those who would contest their property taxes."  *Rourk*, 194 S.W.3d at 502; *see generally* TEX. TAX CODE ANN. §§ 41.01–.71.  Specifically, Tax Code subsection 41.41(a) provides in pertinent part:

> A property owner is entitled to protest before the appraisal review board the following actions:
>
> (1) determination of the appraised value of the owner's property or, in the case of land appraised as provided by Subchapter C, D, E, or H, Chapter 23, determination of its appraised or market value;
>
> (2) unequal appraisal of the owner's property; [or]
>
> . . . .
>
> (9) any other action of the chief appraiser, appraisal district, or appraisal review board that applies to and adversely affects the property owner.

Act of May 22, 1999, 76th Leg., R.S., ch. 631, § 11, 1999 Tex. Gen. Laws 3197 (amended 2025) (current version at TEX. TAX CODE ANN. § 41.41(a)).  The appraisal review board must "determine the protest and make its decision by written order."  TEX. TAX CODE ANN. § 41.47(a).

A property owner is entitled to appeal the order of the appraisal review board determining the protest by the property owner. *Id.* § 42.01(a)(1)(A). To appeal, the property owner "must file a petition for review with the district court within 60 days after the [property owner] received notice that a final order has been entered from which an appeal may be had or at any time after the hearing [on the protest] but before the 60-day deadline." *Id.* § 42.21(a). Failure to timely file a petition for review bars any appeal of the order of the appraisal review board to the trial court. *Id.*

The administrative procedures in the Tax Code are "exclusive." *Id.* § 42.09; *Rourk*, 194 S.W.3d at 502. Tax Code section 42.09, entitled "Remedies Exclusive," provides in pertinent part:

> (a) Except as provided by Subsection (b) of this section, procedures prescribed by this title for adjudication of the grounds of protest authorized by this title are exclusive, and a property owner may not raise any of those grounds:
>
> > (1) in defense to a suit to enforce collection of delinquent taxes; or
> >
> > (2) as a basis of a claim for relief in a suit by the property owner to arrest or prevent the tax collection process or to obtain a refund of taxes paid.

TEX. TAX CODE ANN. § 42.09(a).[6]

---

[6] Subsection (b) provides that those who do not file administrative protests may still assert that (1) they did not own the property, or (2) the property was outside the boundaries of the taxing unit. *Id.* § 42.09(b). Neither exception applies here.

Furthermore, "[u]nder the redundant remedies doctrine, courts will not entertain an action brought under the UDJA when the same claim could be pursued through different channels." *Patel v. Tex. Dep't of Licensing & Regul.*, 469 S.W.3d 69, 79 (Tex. 2015). "The focus of the doctrine is on the initiation of the case, that is, whether the Legislature created a statutory waiver of sovereign immunity that permits the parties to raise their claims through some avenue other than the UDJA." *Id.*

When a statute provides an avenue for attacking an order from an administrative body, a UDJA claim will not lie to provide redundant remedies. *See id.* (citing *Aaron Rents, Inc. v. Travis Cent. Appraisal Dist.*, 212 S.W.3d 665, 669 (Tex. App.—Austin 2006, no pet.) (en banc)). Accordingly, when a UDJA action is redundant of an administrative appeal, the trial court lacks jurisdiction over the UDJA action. *See Post Oak Clean Green, Inc. v. Guadalupe Cnty. Groundwater Conservation Dist.*, No. 04-21-00087-CV, 2022 WL 6815191, at *5 (Tex. App.—San Antonio Oct. 12, 2022, no pet.) (mem. op.); *SWEPI LP v. R.R. Comm'n of Tex.*, 314 S.W.3d 253, 268–70 (Tex. App.—Austin 2010, pet. denied).

Here, the Property Owners allege in their live petition that they followed the Tax Code's administrative procedures to protest the proposed 2013, 2014, 2015, 2016, 2017, 2018, 2019, 2020, and 2021 appraised values of their properties; that the ARB thereafter issued final orders fixing the values of the

properties; and that they are appealing the ARB's orders to the trial court. As part of their appeal of the ARB's orders, the Property Owners allege that the values fixed by the ARB reflect unequal appraisals of their property, which entitles them to an adjustment of the appraised values to conform to the requirements of sections 41.43 and 42.26 of the Tax Code. The Property Owners further allege that sections 1, 2, and 18 of article VIII of the Texas Constitution require that the treatment of taxpayers and taxpayers' property be equal and uniform; that the manner in which the Taxing Authorities have appraised the Property Owners' property violates those sections of the Texas Constitution; and that those violations entitle the Property Owners to relief for "such unequal and unlawful valuations" under sections 42.24 and 42.26 of the Tax Code, as well as to "any other and further relief which the Court may deem appropriate."

Additionally, the Property Owners allege in their live petition as part of their appeal of the ARB's orders to the trial court that sections 1, 2, 11, and 18 of article VIII of the Texas Constitution require the Taxing Authorities to prevent and avoid unequal appraisals, and thereby unequal taxation, of real property within the appraisal district and that the Taxing Authorities' failures to "avoid such discrimination," by excluding certain properties from appraisal and assessment or by undervaluing certain properties, entitle the Property Owners to relief under sections 41.43, 42.24, and 42.26 of the Tax Code and to

the equalization of all taxable properties in the appraisal district under sections 1, 2, 11, and 18 of article VIII of the Texas Constitution. The Property Owners specifically assert:

> [The Taxing Authorities'] courses of action having caused [the Property Owners'] properties to be excessively and unequally taxed, [the Property Owners] are entitled to have the Court require and order [the Taxing Authorities] to reset their tax rolls and include those real properties which they have systematically excluded or undervalued and which they continue to systematically exclude or undervalue by openly ignoring or defying the law and the requests or directives of the commissioners and judges of Robertson County, Texas.

In addition to their appeal of the ARB's orders to the trial court, as just described, the Property Owners then allege in their live petition a standalone UDJA action and include another section entitled "INJUNCTIVE RELIEF." In the UDJA action, the Property Owners assert that "[f]or reasons stated above," they seek a declaration that "the current tax appraisal system violates Article VIII, §§1, 2, 11 and 18 of the Texas Constitution in that it causes properties to be excessively and unequally taxed." The Property Owners further seek declarations that "the current tax appraisal system unlawfully permits arbitrary and unreasonable property tax appraisals in violation of Article VIII, §1 of the Texas Constitution because certain specific properties are knowingly excluded from appraisal and are therefore not appraised at market value" and that "mandatory equalization is necessary to enable the

appraisal district to comply with its statutory and constitutional requirements."

In the "INJUNCTIVE RELIEF" section of their petition, the Property Owners then specifically assert that under subsection 42.24(1) of the Tax Code, they request that the trial court order the Tax Authorities "to reappraise the subject properties for the tax years 2013, 2014, 2015, 2016, 2017, 2018, 2019, 2020, 2021 and 2022 to ensure compliance with the statutory and constitutional requirement that all property be taxed equally and at market value." The Property Owners also request a "permanent injunction" prohibiting the Tax Authorities "from giving any force and effect to the appraisals complained of [in the live petition] until its constitutional violations are remedied." The Property Owners then request that, under subsection 42.24(2) of the Tax Code, the trial court enter all orders that "are necessary to ensure equal treatment under the law for the property owners herein and for those similarly situated." And the Property Owners request that, under subsection 42.24(3) of the Tax Code, the trial court "enter all other orders necessary to preserve rights protected by and impose duties required by law."

As stated above, subsection 41.41(a) of the Tax Code provides that a property owner is entitled to protest before the appraisal review board the determination of the appraised value of the owner's property and whether the owner's property has been unequally appraised. Act of May 22, 1999, 76th

Leg., R.S., ch. 631, § 11, 1999 Tex. Gen. Laws 3197 (amended 2025). Section 42.09 of the Tax Code further provides that the administrative procedures prescribed by the Tax Code for adjudication of the grounds of protest under subsection 41.41(a) are exclusive. *See* TEX. TAX CODE ANN. § 42.09(a).

Here, the Property Owners have utilized the administrative procedures under the Tax Code to protest before the ARB the determination of the appraised value of their property and whether their property has been unequally appraised and to appeal the ARB's orders to the trial court. The Property Owners then allege a standalone UDJA action that is based on the same grounds as those raised in their administrative appeal. The Property Owners even expressly indicate in the section of their petition alleging the standalone UDJA action that they are seeking declaratory relief "[f]or reasons stated above" in the section of their petition appealing the ARB's orders to the trial court. Furthermore, in the section of their petition entitled "INJUNCTIVE RELIEF," the Property Owners have expressly pleaded for relief under section 42.24 of the Tax Code. Section 42.24 of the Tax Code provides:

> *In determining an appeal* [*of an ARB order to the trial court*], the district court may:
>
> (1) fix the appraised value of property in accordance with the requirements of law if the appraised value is at issue;

(2) enter the orders necessary to ensure equal treatment under the law for the appealing property owner if inequality in the appraisal of his property is at issue; or

(3) enter other orders necessary to preserve rights protected by and impose duties required by the law.

*Id.* § 42.24 (emphasis added).

The Property Owners' standalone UDJA action and request for injunctive relief is therefore redundant of their administrative appeal, and the trial court lacks jurisdiction over them. *See Post Oak Clean Green, Inc.*, 2022 WL 6815191, at *5; *SWEPI LP*, 314 S.W.3d at 268–70. This is true even to the extent that the Property Owners have attempted to recharacterize their protests of the determination of the appraised value of their property and of whether their property has been unequally appraised as a challenge to alleged *ultra vires* acts of the Chief Appraiser and the Board Chairman. *See Tex. Parks & Wildlife Dep't v. Sawyer Trust*, 354 S.W.3d 384, 388 (Tex. 2011) ("[A] litigant's couching its requested relief in terms of declaratory relief does not alter the underlying nature of the suit."); *McLane Co. v. Tex. Alcoholic Beverage Comm'n*, 514 S.W.3d 871, 877–78 (Tex. App.—Austin 2017, pet. denied). Accordingly, the trial court erred in denying the Taxing Authorities' plea to the jurisdiction as to the Property Owners' UDJA action and request for injunctive relief. *See Post Oak Clean Green, Inc.*, 2022 WL 6815191, at *5.

Finally, in their live petition, the Property Owners include a separate section seeking the certification of this suit as a class action. The Property Owners identify the class members as consisting of "all owners of real properties within the jurisdictional limits of" RCAD. The Property Owners clarify, however, that they "do not seek any monetary relief for any class member who has not exhausted their statutory and/or administrative remedies."

"The class action is a procedural device intended to advance judicial economy by trying claims together that lend themselves to collective treatment." *Sw. Refin. Co. v. Bernal*, 22 S.W.3d 425, 437 (Tex. 2000). It may "not be construed to enlarge or diminish any substantive rights or obligations of any parties to any civil action." *Id.* (quoting TEX. R. CIV. P. 815). Accordingly, having determined above that the trial court lacks jurisdiction over the Property Owners' standalone UDJA action and request for injunctive relief, we conclude that the trial court lacks jurisdiction to maintain a class action regarding those allegations. *See id.* The trial court therefore erred in denying the Taxing Authorities' plea to the jurisdiction as to the Property Owners' request to certify a class action regarding their standalone UDJA claim and request for injunctive relief.

The Taxing Authorities further argue that the trial court lacks jurisdiction over any class action regarding the Property Owners' appeal of the

ARB's orders to the trial court because the failure of other property owners to pursue their administrative remedies before the ARB and then to timely file petitions for review bars any appeal under the Tax Code. *See* TEX. TAX CODE ANN. § 42.21(a). But the Property Owners specifically state in their petition that they "do not seek any monetary relief for any class member who has not exhausted their statutory and/or administrative remedies." Construing the Property Owners' live petition liberally, we therefore conclude that the Property Owners have at least alleged facts that affirmatively demonstrate the trial court's jurisdiction. *See Miranda,* 133 S.W.3d at 226. Accordingly, the trial court did not err in denying the Taxing Authorities' plea to the jurisdiction as to the Property Owners' request to certify a class action regarding their appeal of the ARB's orders to the trial court.

The Taxing Authorities' first issue is sustained in part and overruled in part. The Taxing Authorities' second and third issues are sustained.

## Conclusion

We reverse that portion of the trial court's order denying the Taxing Authorities' partial plea to the jurisdiction as to the Property Owners' UDJA action, request for injunctive relief, and request to certify a class action regarding their standalone UDJA claim and request for injunctive relief. We render judgment dismissing the Property Owners' UDJA action, request for injunctive relief, and request to certify a class action regarding their

standalone UDJA claim and request for injunctive relief. We otherwise affirm the trial court's order denying the Taxing Authorities' partial plea to the jurisdiction.

_____

MATT JOHNSON
Chief Justice

OPINION DELIVERED and FILED: October 16, 2025

Before Chief Justice Johnson,
  Justice Smith, and
  Justice Harris
Affirmed in part and reversed in part
CV06

